*Litchfield,*
June, 1852.

## POND *against* HINE.

Pond
*v.*
Hine.

Where a bond was executed by *A*, and placed in the hands of a third person, to be by him delivered over to *B*, *in trust* for certain females, on certain future contingencies ; while the bond was in the hands of the depositary, *B* refused to accept the trust, for want of provision for his remuneration, but that difficulty being removed, he consented to accept it, and taking the bond into his possession, while the authority of the depositary was unrevoked, brought a suit thereon against *A ;* it was held, 1. that *B's* taking the bond and bringing a suit on it, was an acceptance of the trust, unless his previous declaration estopped him from such acceptance ; 2. that as the condition of *A* was not altered, in consequence of the declaration of *B*, it had not the effect of an estoppel.

THIS was an action of debt on bond. The declaration set forth the instrument declared on, dated *August* 9th, 1845 ; to which there was a condition annexed, reciting, that certain controversies had arisen in the settlement of the estate of *Andrew Hine*, deceased, which had been mutually adjusted between *Harmon Hine* and the defendant, in consideration of which, the defendant promised to pay the plaintiff, the sum of 625 dollars, on or before the 1st of *January*, 1846; which sum was to be holden, by the plaintiff, and his successor in the trust, upon the following trusts and confidence, *viz.* that 400 dollars thereof be by him holden for the sole and separate use and benefit of *Clarinda Gilbert,* wife of *W. L. Gilbert,* independently of her husband, during her natural life ; the interest annually to be paid to her, and on her decease, to her daughter *Harriet*, until she should attain twenty-one years of age, and then the principal to be paid to her. [There were then other limitations, which it is unnecessary to specify here.] The writing then provided, that the sum of 225 dollars should be holden by the trustee, and accumulate by interest, until *Rebecca M. Hine* should attain the age of twenty-one years, and be then paid to her. [Other contingencies were then provided for.] The declaration finally alleged the non-performance of the several matters incumbent upon the defendant to perform.

The defendant pleaded the general issue, with notice of special matter to be given in evidence ; on which the cause was tried, at *Litchfield, February* term, 1852.

The execution of the writing declared on, was admitted.

And it was admitted, that it was executed in pursuance of an arrangement made between the defendant and *Harmon Hine,* mentioned therein, and placed in the hands of *D. B. Brinsmade,* to be by him delivered over to the plaintiff, who was not present at the time, and who had no knowledge of the arrangement, at the execution of the writing.

The defendant then offered evidence to prove, and claimed that he had proved, that after the execution of said writing, and before the delivery thereof to the plaintiff, *viz.* on the

day of *August,* 1845, he tendered to the plaintiff, the full amount due on said writing, which the plaintiff refused to accept, saying, that he had not accepted, and should not accept, the trust.

The plaintiff offered himself as a witness, and testified, that he never unconditionally refused to accept the trust, but told the defendant, that as there was no provision made in the writing for his compensation, he should not accept it, unless he could have some compensation for his services ; to which the defendant replied, that they ought to do it, and when they got ready to do it, he was ready to pay the money ; that no tender was ever made to him, by the defendant ; that about a year after the date of the writing, provision having been made for his compensation, he called upon Mr. *Brinsmade,* took the writing and accepted the trust ; and on his way home met the defendant, and said to him, that he had got the writing, and was ready to receive the money upon it ; and the defendant replied, that he would see about it ; that afterwards, on the 1st day of *January,* 1847, he again called upon the defendant, and demanded payment of the money due on the writing, but the defendant made no reply ; that afterwards, on the 25th of *December,* 1848, he again demanded the money of him, to which the defendant replied, that he should pay no part of the interest, and he did not know that he should pay any part of the principal.

The plaintiff, in confirmation of his testimony, introduced his brother *Noah S. Pond,* who testified, that he was present, and heard the plaintiff demand payment of the defendant, on the 25th of *December,* 1848, and that the defendant said, that he did not know that he should pay any of it ; that the plaintiff, at that time, had the bond in his possession ; and the plaintiff and defendant both understood on what ac-

count, the demand was made. The defendant offered him- *Litchfield,* June, 1852.
self as a witness, and testified, that no demand had ever been
made upon him for the money; and that he had never re- Pond
fused to pay it; and that the plaintiff had never notified him, *v.*
that he had accepted the trust. Hine.

It was not claimed, by the defendant, that his authority given to Mr. *Brinsmade*, to deliver the writings to the plaintiff, had ever been countermanded.

Mr. *Brinsmade* was called as a witness, and testified, that the writing was by him delivered to the plaintiff; but he could not state at what precise time. The defendant claimed, that the burden was on the plaintiff to prove notice, demand, and refusal, by testimony, equal, at least, to that of one good, uncontradicted witness; and that the plaintiff, being the only witness offered to prove those facts, and the same being wholly denied by the testimony of the defendant, and both parties being equally entitled to credit, the facts were not proved by the plaintiff; and the jury could not, therefore, find a verdict in favour of the plaintiff.

The court did not instruct the jury in the manner requested by the defendant, but did instruct them, that if they found, that the defendant did tender to the plaintiff the amount due on the writing, as claimed by him, they must find a verdict in his favour, unless they further found, that subsequent thereto, the plaintiff did give notice to the defendant, that he had accepted the trust, and made demand of him for the money due on the writing; and that the defendant, upon such notice and demand, refused payment. And in case they found such notice, demand and refusal to have been proved, the plaintiff was entitled to recover the sum specified in the writing, with interest from the time of such demand and refusal. That whether there had been such notice, demand and refusal, was a question of fact for them to determine, from the evidence before them. As a general rule, when two witnesses of equal credit and equal means of knowledge, were directly opposed to each other, and there was nothing more in the case, their testimony would be balanced, and no fact could be found by it. In the present case, the testimony of the plaintiff was, in some respects, opposed to that of the defendant. But in determining the degrees of credit to be given to the one or the other,

they have a right to take into consideration the other evidence in the case, and say how far the testimony of each was confirmed or invalidated by it.

The defendant also claimed, that if the facts were as he claimed to have proved them, that the plaintiff notified the defendant that he would not take the writing, nor accept the trust therein specified, and would not take the money so claimed to have been tendered to him, he was, by his own act, estopped and precluded from accepting the same, and had placed it out of his power ever after to accept the same, so as to enable him to maintain an action at law upon the writing, against the defendant.

Upon this subject, the court instructed the jury, that if the defendant did, at first, refuse to accept the writing, and the trust, and also to receive the money tendered to him, in the manner claimed by the defendant, yet he was not thereby precluded from afterwards accepting the trust; and that, if the jury should find, that after such refusal and notice to the defendant, he did accept the trust, and receive of Mr. *Brinsmade* the writing, before the delivery thereof had been countermanded by the defendant, and give notice thereof to the defendant, and demand payment, in the manner claimed by him; and the defendant, upon such notice, made no objection to his receiving the writing and accepting the trust; he had a right afterwards to commence an action at law upon the writing.

The jury thereupon returned a verdict in favour of the plaintiff, for the principal sum named in the writing, with interest thereon from *December* 25th, 1845.

The defendant, claiming that the court erred in omitting to instruct the jury, in the manner claimed by him, moved for a new trial; and the motion was reserved for the advice of this court.

*J. H. Hubbard* and *G. H. Hollister*, in support of the motion, contended, 1. That the instruction of the judge to the jury, that the plaintiff, after having refused to receive the money, and after having notified the defendant that he would not accept the trust, might afterwards take up the instrument and accept the trust, was clearly erroneous, as was also the instruction that the plaintiff might commence a suit

thereon, provided the jury should find, that he, after such acceptance, notified the defendant that he had taken the bond, and accepted the trust, and demanded the money, and that the defendant made no objection to it.

2. That after notice to the defendant, that the plaintiff would not accept the trust, the authority of *Brinsmade* to deliver the instrument to any other person than the defendant himself, was entirely annulled, a fact of which the plaintiff had full knowledge, as it was the result of his own act. He therefore obtained possession of the bond wrongfully; and no presumption of any new contract of delivery and acceptance could be raised from the silence of the defendant, when the plaintiff afterwards informed him of his own unjustifiable conduct in seizing upon the bond; nor could anything be inferred against the defendant, because he did not countermand the authority delegated to *Brinsmade*, when the plaintiff had himself cancelled that authority.

A contract of delivery and acceptance is just as important as the signing and sealing of the instrument. 1 *Shep. Touch.* 57, 8. 2 *Bla. Com.* 307. 4 *Vin. Abr.* 27. § 52. *Merrills* v. *Swift*, 18 *Conn. R.* 257. 1 *Sw. Dig.* 186. (*Dut. ed.*) *Jackson* d. *Eames* v. *Phipps*, 12 *Johns. R.* 418. *Jackson* d. *Ten Eyck* & ux. v. *Richards*, 6 *Cowen*, 617.

3. That the instruction of the court to the jury, that if the defendant upon the demand of payment and notice, made no objection to the plaintiff's receiving the writing and accepting the trust, he had a right to commence a suit upon the writing, had a tendency to *mislead* the jury, and withdraw from their minds the consideration of the evidence of dissent on the part of the defendant, arising out of his declaration that " he did not know that he should pay any part of the sum named in the bond," as sworn to by the plaintiff himself.

4. That such instruction was also wrong, because the forbearance of the defendant to speak or act, when so notified, and when such demand was made, raised a much stronger presumption of dissent than of assent to what the plaintiff had done. *Broom's Legal Maxims,* 95.

*Sanford* and *Woodruff,* contra, contended, 1. That the charge on the first point, was correct. The jury were bound

to consider *all* the facts and circumstances ; the situation and appearance of the witnesses, and *all* evidence, confirming or discrediting one or the other ; and on the *whole* evidence, to decide the fact as they should be reasonably satisfied it exists.   Such was the charge.

2.  That the charge was equally correct, on the second point.   In the first place, the plaintiff is a mere trustee, and cannot refuse, to the ultimate prejudice of the *cestui que trust*.

The trust cannot fail for want of a trustee.   2 *Sto. Eq.* 321. 341.   If the trustee should die, without executing the trust, a court of equity would enforce it.   *Id.* 321.

In some cases, a court of chancery will compel a trustee to execute the trust.   In others, the law will permit a person beneficially interested, to sue in the name of the party with whom the contract is made.   If a trust be created for the benefit of a third person, without his knowledge, he may affirm the trust, and enforce its execution.   *Cumberland* v. *Codrington*, 3 *Johns. Ch. R.* 261.   *Shepherd* v. *McEvers* & al. 4 *Johns. Ch. R.* 136. 139.   If a trustee refuses the trust, a new one may be appointed.

These principles show, that there is no equity in this defence ; for if the defendant succeeds here, he remains liable in a court of equity.   They also show, that there is here no *estoppel in pais ;* for the defendant's *position* has not been, and could not be, injuriously affected, by the refusal of the plaintiff.

Secondly, the bond was placed in an agent's hands, to deliver.   If, on the plaintiff's refusal at first to accept, the defendant intended to countermand the agent's authority, he should have done so.   Suffering it to remain there, uncountermanded, is *continuing* his authority to deliver it.

Thirdly, upon notice of acceptance given the defendant, if he did not countermand the authority, it was a *waiver* of any advantage he might have claimed from the refusal.

If the will of one party to accept the offer, is declared before the will of the party offering is revoked, it is a valid contract.   The will of the party offering, continuing down to the time of acceptance by the other, their *minds meet*. This will is presumed to continue, unless revoked, or countermanded.

If the defendant, on being notified of the plaintiff's accept-  *Litchfield,*
ance, made no objection, it was a ratification of the acts of ——— June, 1852.
the plaintiff,—an implied assent thereto—virtually, a redeliv-   Pond
ery of the instrument—an affirmation of the contract.            *v.*
                                                                 Hine.

HINMAN, J.  We think the plaintiff, in this case, must be
allowed to retain his verdict.  The application for a new
trial rests entirely on technical grounds, and ought not to be
favoured.  The defendant does not deny his indebtedness, to
the extent of the bond ; nor does he show, that any other
person than the plaintiff is entitled to receive the money up-
on it.  It is clear, that it cannot be paid to the persons who
may eventually be entitled to it, because it is yet uncertain
who they will be.  The question is, therefore, whether the
plaintiff, who now consents to act as trustee, shall be permit-
ted to do so ; or whether the beneficiaries shall be turned
over to a court of equity, to recover the money, and have
another trustee appointed, to receive and keep it for them ?
The plaintiff was first appointed trustee, by the defendant
himself, with the consent of his brother *Harmon ;* and no
dissent has ever been expressed, by any one.  Has, then,
the plaintiff accepted the trust ?  His taking the bond and
bringing a suit on it, is an acceptance, unless he was pre-
vented from accepting, by his previous declaration, that he
would not accept.  It was said, that this declaration estop-
ped the plaintiff from accepting the trust afterwards.  This,
clearly, is not so ; the defendant did nothing in consequence
of this declaration, and he suffers nothing by it, or by the
plaintiff's conduct, inconsistent with it ; and, under the cir-
cumstances, we do not think this declaration amounted to a
refusal to accept.  The bond was not present, at the time ;
and could not be offered to the plaintiff.  The defendant and
his brother had jointly placed it in the hands of Mr. *Brins-
made,* for him to deliver to the plaintiff ; and this authority
was never countermanded, by either of them.  Had the de-
fendant, on his being informed by the plaintiff, that he should
not accept the trust, notified Mr. *Brinsmade* of it, and, on
that ground, requested him not to deliver the bond, it would
have raised a different question.  But he suffered it to re-
main, without objection ; and we think it must be presumed

*Litchfield,*
June, 1852.

Pond
*v.*
Hine.

to have remained, for the purpose for which it was first put into Mr. *Brinsmade's* hands.

We think the charge to the jury was right, and do not advise a new trial.

The other judges were of the same opinion, except WAITE, J., who was disqualified under the statute of 1852, *c.* 24. § 4.

New trial denied.