## WOODWARD AND OTHERS *vs.* CAMP.

A married woman, being desirous of making a disposition of her real estate, to take effect after her decease, united with her husband, in the execution of a deed of the same, to a trustee, authorizing him to make a sale thereof, and out of the proceeds to pay certain sums to particular individuals, and the remainder to her legal representatives. The husband received such deed, after its full execution, upon his express promise and understanding to deliver it to the grantee, at her decease, if she should die before him. The wife having first deceased, it was held, that the title to such estate vested in the grantee, and that the husband was bound to deliver such deed to him.

THIS was a bill in chancery. In the original and supplemental bills, it was alleged, that one Martha Camp, when in life, the wife of the defendant, was the owner, in fee simple, of a certain piece of land, situated in the town of Plymouth, containing about two acres, with a dwelling-house, barn and other buildings thereon standing, and, while so in life, being desirous of making a disposition of the same, to

take effect after her decease, for good and valuable consider-ations her thereunto moving, made and executed a deed of the same, to David D. Warner, in trust, for him to sell, and out of the proceeds, to pay certain sums to particular individuals, and the balance to her legal representatives. The defend-ant, her husband, united with her in the execution of the deed, and received the same from her, after the full and due exe-cution thereof, upon the express promise and understanding, to deliver the same to the said Warner, upon her decease, should she die before him.

The said Martha had long since deceased, and it became and was the duty of the defendant, to deliver the deed to said Warner, that the same might take effect, according to the terms thereof; yet he had ever refused to deliver said deed to said trustee, or to any person in his behalf, or to any one beneficially interested therein. The plaintiffs, who were each interested in the conveyance, thereupon prayed for a de-cree, that the defendant make delivery of the deed to the trustee.

To this bill, and the supplemental bill, the defendant demurred, and the question, as to the sufficiency of the same was, by the superior court, holden at New Haven, in April, 1853, reserved for the advice of this court.

*Baldwin* and *E. K. Foster*, for the plaintiffs, contended, 1. That the instrument set forth in the plaintiffs' bill was a deed. It was designed by them to operate as such, and was executed, with all the statute requisites, and as such was operative, from the time of its execution and delivery, and not, like a testamentary instrument, revocable at the will of one or both of the parties. *Jones* v. *Jones*, 6 Conn. R., 111. *McCall* v. *McCall*, 3 Day, 402. *Stewart* v. *Stewart*, 5 Conn. R., 317. *Garnons* v. *Wright*, 5 B. & C., 671. *Verplank* v. *Sterry*, 12 Johns., 536. *Souverbye et ux.* v. *Arden et al.*, 1 Johns. Ch., 240. *Belden* v. *Carter*, 4 Day, 66.

2. That the deed in question was delivered, in contem-

plation of law. Mrs. Camp had done everything that was to be done, on her part, and the execution of the deed, by Camp, upon the terms stated in the bill and admitted by the demurrer, was virtually and legally a delivery by him. He united with his wife, solely to give her a legal capacity to convey. *Whiting* v. *Stevens*, 4 Conn. R., 44.

3. That it is not essential to a delivery, that the grantee be present. *Merrills* v. *Swift*, 18 Conn. R., 257. A deed may be delivered, and still remain in the grantor's own custody, as bailee. 2 Green. Ev., 2989. *McDonald* v. *Leach*, Kirby, 72. *Scrughan* v. *Wood*, 15 Wend., 545. *Garnons* v. *Wright*, 5 B. & C., 671. *Ruggles* v. *Lawson*, 13 Johns., 285. *Gardner* v. *Collins*, 3 Mason, 398. *Souverbye et ux.* v. *Arden et al.*, 1 Johns. Ch., 240. The same doctrine is sustained by the Connecticut cases before cited.

This deed belongs to the plaintiffs, and the withholding of it, by the defendant, is fraudulent. And we are entitled to a decree against the heirs at law, to cut off all claim of title, by reason of the expiration of the time limited in the condition of the deed, for the execution of the trust.

*C. A. Ingersoll* and *Johnson*, for the defendant, contended,
1. That Andrus Camp's interest in his wife's real estate having terminated with her life, the instrument in question, if given up by him, as prayed for in the bill, would pass nothing to the trustee, unless it was delivered as a deed, during the life of Mrs. Camp. *Jones* v. *Jones*, 6 Conn. R., 111. . *Jackson* v. *Leek*, 12 Wend., 107.

2. That it was never so delivered, during the life of Mrs. Camp. It was not delivered to the trustee. There was, not only, no actual delivery to the trustee, and no person present, to whom a delivery for the grantor could be implied; but the bill shows, that the grantors had no intention of delivering it out of their control, so long as Mrs. Camp lived. It was not executed with a view to its present operation, but solely " as a disposition of said land, to take effect after the decease

of Mrs. Camp." And, pursuant to that understanding between them, it was retained in the possession of one or the other, until her decease. *Jackson* v. *Phipps*, 12 Johns., 421. *Aniack* v. *Giles*, 2 Molloy, 257, (13 Con. E. C. R., 441., d.) *Scrughan* v. *Wood*, 15 Wend., 546. The transfer of the deed, after execution, from Mrs. Camp to her husband, was not a delivery of the deed, for the use of the grantee, or to be held as an *escrow*. He being a party to the deed, such a delivery could not be made to him. It could only have been made to a third person, a stranger to the deed. 2 Greenl. Cruise, tit. Deed, ch. 2, s. 66-76. Shep. Touch., 57. *Garnons* v. *Knight*, 5 B. & C., 671, (12 E. C. L., 357.) He had an estate which might have lasted, (if they had issue,) after the decease of his wife. It was not only necessary for him to join with her, in the execution of the deed, but it must have been delivered as his deed, as well as hers, to have made it effective. To have operated as a conditional conveyance, it must have gone out of the possession of both, and into the possession of a third party. The object of this instrument was, that it should take effect as a will, and the grantors clearly intended to retain that control over it, which they would have had over a will. The understanding or agreement between them, as to its disposition, after the death of Mrs. Camp, was confined to themselves, and they did nothing in pursuance of it, except as between themselves. The possession of one still continued, as the possession of both.

3. That the bill showed no agreement on the part of the grantors, which a court of chancery will enforce. A married woman can only dispose of her lands, in the modes provided by the statute, viz., by deed, in which her husband must join, and by will. She can enter into no other contract for their conveyance, which is valid, either at law or in equity. *Anan* v. *Merritt*, 13 Conn. R,, 478. *Carr* v. *Williams*, 10 Ohio, 305. *Butler* v. *Buckingham*, 5 Day, 492. *Watrous* v. *Chalker*, 7 Conn. R., 224. *Martin* v. *Dwelly*, 6 Wend., 1. *Lane* v. *McKeen*, 15 Maine, 304. 2 Kent, 168. Equity

will not enforce an executory agreement or trust, unless it is upon a valuable consideration, or in favor of a wife and children. *Buford Heirs* v. *McKee*, 1 Dana, 107. *McIntire* v. *Hughes*, 4 Bibb, 186. *Hayes* v. *Kershow*, 1 Sandf., 258. 2 White & Tudor's Leading Cases in Equity, 213.

WAITE, J. Lands belonging to a married woman, may be conveyed, by a deed, executed by her and her husband. *Whiting* v. *Stevens*, 4 Conn. R., 44. And, in order to constitute a valid delivery of a deed, it is not necessary, that it should be delivered personally to the grantee; it will be sufficient, if delivered to some third person, for the use of the grantee, although the latter was not present, at the time, had no knowledge of the existence of the deed, and never gave any authority to the person receiving it, to act in his behalf. *Merrills* v. *Swift*, 18 Conn. R., 257.

And, if a deed be delivered to a third person, to be by him kept, during the life of the grantor, subject to his order, and at his death, if not previously recalled, to be delivered over to the grantee, and the grantor die without having recalled the deed, such delivery will become effectual, and the title of the grantee consummated, in the death of the grantor. *Belden* v. *Carter*, 4 Day's R., 66.

According to these authorities, had the deed, in the present case, been delivered to some third person, to be kept during the life of Mrs. Camp, and then delivered to the grantee, such delivery, upon her death, would have become perfected, and the title would have vested in him.

Does it make any difference, that the delivery was to her husband, instead of some other person? We think not, so far as her interest is concerned. She had parted with the possession of the deed, with an intention to have the property vest in the grantee, at her decease. It was received by her husband, for the use of the grantee, and upon an express promise, on his part, that it should be delivered to him, at her death. The violation of his engagement may operate as

a fraud upon the wife ; for, had she not relied upon his engagement, she might have substantially accomplished her object, by means of a will.

A father executed deeds to his two sons, and gave directions to his wife, to lodge them with the town-clerk, for record, after his decease ; but kept them in his own possession, until he died. The late Chief Justice Hosmer, in giving the opinion of this court, in that case, held, that there had been no delivery of the deeds, but added, " the case would have been different, if the deeds had been delivered to the wife, before the grantee's decease. *Jones* v. *Jones*, 6 Conn. R., 111. We allude to the remark, although an *obiter dictum*, as the opinion of an eminent judge, in confirmation of our views. Our advice therefore is, that the demurrer to the bill be overruled.

In this opinion the other judges concurred.

Demurrer overruled.