Battle, J.
 

 The point raised in the bill of exceptions is an interesting one, and has been well argued by the counsel on both sides. It cannot be doubted that if the grantor sign and seal a deed, and afterwards have it proved and registered, or acknowledge it and have it registered, it will, under ordi-, nary circumstances, amount to a delivery of the deed, though the execution was in the absence of the grantee, in whose possession the instrument was never actually- placed. .See
 
 Snider
 
 v.
 
 Lackenour,
 
 2 Ire. Eq., 360, and the other cases cited by the defendant’s counsel. It is equally pertain that, if under such circumstances, the grantee, upon being informed of the transaction, refuse to accept the deed, it will be inoperative to pass the title to him.
 
 Baxter
 
 v.
 
 Baxter,
 
 Bus., 341.
 

 In the present case the testimony of the subscribing witness tends to show that the grantee refused to accept the deed when it was tendered to him, and that this occurred
 
 *533
 
 between the time when the grantor acknowledged it and had a certificate to that effect placed upon it by a competent officer, and the time when he had it registered. The counsel for the plaintiff contends that a refusal to accept haviug been proved, the law presumes it to have continued until it was rebutted by proof, either direct or inferential, of a subsequent acceptance. In this position we think the counsel is correct, and being so, His Honor ought not to have told the jury that the act of having the deed registered by the grantor was a delivery of it, and that there was no evidence of a refusal after that time. We think the instructions ought to have been that if the jury should believe from the evidence that the defendant did refuse to accept the deed, they should then enquire whether, from any of the facts proved, they could infer that the grantee had changed his mind and agreed to receive it.
 

 For the error above indicated the judgment must be reversed, and a
 
 venire de novo
 
 ordered.
 

 Per Curiam.
 
 Venire de
 
 novo.