## MERRYMAN COLE'S Lessee *vs.* DEBORAH N. PENNINGTON.

### *Ejectment.*

After a deed of assignment to the sole and separate use of a married woman, was executed and acknowledged, but before it was filed for record, the husband of the assignee, without her knowledge or sanction, endorsed thereon, immediately under the acknowledgment the following condition: "The obligation to the above deed is, that Harriet P. Pennington and D. N. Pennington are to have a home in the above described premises during their lives or pleasure, and at their death to the children of said Dr. H. P. P. Yeates and Martha R. Yeates." The endorsement was without signature. Subsequently, the premises were assigned by the wife, her husband uniting in the deed, to Merryman Cole, who instituted an action of ejectment for the same against D. N. Pennington, the tenant in possession. HELD:

That the endorsement on the deed was insufficient to defeat the plaintiff's right to recover.

APPEAL from the Superior Court of Baltimore City.

This was an action of *ejectment* instituted by the appellant, to recover from the appellee, tenant in possession, certain premises, situate on Exeter street, in the city of Baltimore.

*First Exception:* The plaintiff's lessor proved that Harriet P. Knighton, (formerly Pennington,) a former owner of the property, had conveyed the same to Martha R. Yeates, a married woman, to hold at it if she were a *fême sole,* and on the 19th of March, 1864, by deed duly executed, acknowledged and recorded, and that Martha R. Yeates, with her husband, Dr. Henry P. P. Yeates, conveyed the same to the plaintiff's lessor, (Dr. Merryman Cole,) by deed, dated 26th of August, 1868, duly executed, acknowledged and recorded. The defendant then offered to prove, by a certified copy, that certain words, which were erased from the back of the original deed from Harriet P. Knighton to Martha R. Yeates, were recorded with said deed, and formed the title of the tenant in possession. Those words were as follows: " The obli-

gation to the above deed is, that Harriet P. Knighton and D. N. Pennington are to have a home in the above described premises during their lives, or pleasure, and at their death, to the children of said Dr. H. P. P. Yeates and Martha R. Yeates."

The plaintiff's lessor proved by the justice of the peace before whom the deed was acknowledged, that said memorandum was not on the deed when Harriet P. Knighton, the grantor, signed it, and when it was acknowledged before him. He therefore prayed the Court to refuse to allow said memorandum to be offered as evidence to the jury ; but the Court overruled his objection, and permitted the same to be read. To this action of the Court, the lessor of the plaintiff excepted.

*Second Exception:* After the memorandum had been read, it was proved by Dr. Henry P. P. Yeates, that he had written it on the back of the deed after its acknowledgment, and before it was recorded ; that it was written without his wife's knowledge or authority, and without any consideration whatever ; that witness never had a conversation with defendant on the subject, or made her any promise, at any time ; that he never received any consideration from his aunt Deborah, the tenant in possession, nor did he regard her as having any right to stay in the house, except at and during the pleasure of his wife ; and that none of the conversation held by witness with his aunt Harriet, since deceased, was with his wife's knowledge, or by her authority. Proof was also offered of demand of possession.

The plaintiff's lessor, upon the pleadings and evidence, prayed the Court to instruct the jury, that if they believed the late Harriet P. Knighton executed, acknowledged and delivered the deed offered in evidence by him, to Martha R. Yeates, and that Martha R. Yeates and her husband, Dr. Henry P. P. Yeates, executed, acknowledged and delivered the deed offered in evidence by him, to the plaintiff's lessor, and that both of said deeds were duly recorded, then

the legal title of the property is in the plaintiff's lessor, and the verdict must be for the plaintiff.

The Court refused to grant said prayer, but gave the instruction set out in the opinion of this Court.

The plaintiff's lessor excepted to the refusal of the Court to grant his prayer, and also to the Court's instruction, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER and ALVEY, J.

*William A. Stewart*, for the appellant.

The recording of a memorandum, deed, or any instrument of writing, not authorized by law to be recorded, gives it no additional validity, and the record thus made, or the exemplified copy thereof, is no more evidence of the existence of the deed than would be a copy of such instrument certified by any private individual. *Budd vs. Brooke*, 3 *Gill*, 198; *Burgess vs. Lloyd*, 7 *Md.*, 178.

A married woman can only be bound by deed duly executed and acknowledged, pursuant to the provisions of the Acts of Assembly, and a deed not so acknowledged, *is wholly inoperative* as to her, and is to be treated as if she had not been a party to it. *Chaney vs. Tipton*, 3 *Gill*, 334; *Johns vs. Reardon and Wife*, 11 *Md.*, 465; *Steffey vs. Steffey*, 19 *Md.*, 5; *Gelston vs. Frazier & Wife*, 26 *Md.*, 329.

Even if the defendant had an equitable title to the lot of ground and premises in question, which the plaintiff's lessor denies, and the proof fails to show, that circumstance would not prevent a recovery against her in an action of ejectment brought by the holder of the legal title. *Simpson's Lessee vs. Saunders*, 2 *H. & J.*, 82, note (*a*;) *Blessing vs. House's Lessee*, 3 *G. & J.*, 290; *Leonard's Lessee vs. Diamond*, 31 *Md.*, 536.

*John C. King*, for the appellee.

Courts of Law as well as of Equity have cognizance of fraud; but Courts of Law relieve against it negatively by enquiring

into circumstances, and not permitting plaintiffs to recover in actions brought on deeds or contracts fraudulently obtained, and thus virtually annulling such deeds or contracts against fraudulent parties. *Lantern vs. Watson,* 6 *H. & J.,* 252 ; *Harris' Lessee vs. Soper,* 6 *H. & J.,* 276, 281 ; *Dexter vs. Harris,* 2 *Mason,* 536.

An endorsement upon a deed is part of a deed, and should be admitted in evidence. *Stone vs. Hamsbrough,* 5 *Leigh,* 425.

ALVEY, J., delivered the opinion of the Court.

Two bills of exception were taken in this case; but there is, in truth, but one question involved, and that is, whether the indorsement upon the deed from Harriet P. Knighton to Martha R. Yeates, under which the plaintiff claims title, has any such legal effect as will defeat the plaintiff's right to recover in this action.

The deed of assignment in question was absolute and unconditional on its face, and in that form was executed and acknowledged; but after the acknowledgment, and before the deed was filed for record, the husband of the assignee, the latter being a *fême covert* at the time, thought proper, of his own motion, and without the knowledge or sanction of his wife, to indorse upon the deed, immediately under the acknowledgment, the following condition: " The obligation to the above deed is, that Harriet P. Pennington and D. N. Pennington are to have a home in the above described prem- ises during their lives or pleasure, and at their death, to the children of said Dr. H. P. P. Yeates and Martha R. Yeates." This indorsement is without signature, and the deed of assign- ment, with the condition appended, was filed for record, and was recorded ; but, afterwards, the condition was erased from the original deed, but by whom it does not certainly appear.

The Court below was clearly in error, both in admitting this condition in evidence, and afterwards instructing the jury, " that the evidence showed that the plaintiff's lessor and the defendant both claimed title under the deed from

Harriet P. Knighton to Martha R. Yeates, and that under the memorandum written on the back of said deed and recorded therewith, the defendant acquired title in said premises described in the *narr.*, and that as against the said defendant the plaintiff could not recover."

This condition was plainly no part of the deed, and as it was not shewn to have been written by the authority of the assignee, and signed either by herself, or some one by her duly authorized, it could not, therefore, operate as a re-demise of the premises; and if it be true that it was appended after the deed was executed, and without the knowledge or sanction of the assignee, it was wholly void and without any effect whatever. The fact of its being recorded with the deed, adds nothing to its validity. Not being part of the deed, and being appended without authority, it was improperly admitted to record; and that being so, no authenticated copy from the record was competent evidence. The recording of an instrument not legally executed, or if legally executed, not required to be recorded, affords no ground whatever for admitting an authentication thereof as evidence; a certified copy of such an instrument from the keeper of the record being of no more avail, as legal evidence, than a copy made by a private individual. *Coale vs. Harrington*, 7 *H. & J.*, 147; *Budd vs. Brooke*, 3 *Gill*, 300.

If the condition in question was omitted from the deed by fraud or mistake, a Court of Law is not the tribunal in which relief can be obtained. It must be sought in a Court of Equity.

The judgment appealed from must be reversed, and a new trial awarded.

<em>Judgment reversed and<br>new trial awarded.</em>