## ANNIE L. WALLER et al. *vs*. MARY V. POLLITT et al.

*Deeds—Rule in Shelley's case—Limitation Over to Joint Heirs of Husband and Wife After Life Estate to Them.*

A deed conveyed land to Anthony and Henrietta, his wife, "for their joint lives and the life of the survivor of them, and to their joint heirs." *Held*, that the rule in Shelley's case applies to this conveyance; that Anthony and Henrietta took an estate in fee simple as tenants by the entireties, and that upon the death of Henrietta, the entire fee simple estate was vested in Anthony.

*Decided November 1st, 1906.*

Appeal from the Circuit Court for Wicomico County (HOLLAND, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, SCHMUCKER, JONES and BURKE, JJ.

*E. Stanley Toadvin*, for the appellants.

*John H. Handy* and *Elmer H. Walton*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The suit in this case is an action of ejectment, instituted by the appellants against the appellees in the Circuit Court for Wicomico County to recover the possession of a tract of land situate in Trappe District, and containing one hundred and eighty-seven acres of land more or less.

The appeal is brought to this Court upon an exception to the rulings of the Court below in rejecting the plaintiffs' prayers, and in granting the defendants' prayer, which instructed the jury that there was no legally sufficient evidence to entitle the plaintiffs to recover in the case.

The facts are undisputed, and the decision of the case turns upon the terms and legal construction of a deed from Robert Jones and wife to Anthony Pollitt and Henrietta Pollitt, his

wife, dated the 2nd day of August, 1862, and recorded among the land records of Wicomico County and set out in the record before us.

The appellants are the descendants of Anthony and Henrietta Pollitt, and claim title through them. Henrietta died in 1867, intestate, and Anthony married in 1868 one Virginia Anderson. He died in 1905 and the appellees are the children of the second marriage.

By the deed, in question, the property was conveyed in consideration of the sum of twenty-five hundred dollars, by Robert Jones and Henrietta, his wife, "unto Anthony Pollitt and Henrietta Pollitt, his wife," *for their joint lives and the life of the survivor of them; and to their joint heirs*, free, clear and discharged of all encumbrances whatsoever." And by the covenant in the deed it appears that the grantor agreed, "to give said Pollitt and wife, any such further deed or deeds as may be necessary for the further securing unto them a good and sufficient right and title to the above described premises in fee simple."

The appellants contend that Anthony and Henrietta Pollitt, by the provisions of the deed, took only a life estate in the property in controversy and upon their death, the life estate was terminated and the fee was and is in their joint issue or children.

It is claimed upon the part of the appellees that the limitation in the deed, to "the joint heirs" of Anthony and Henrietta Pollitt, brings the grant within the rule, in Shelly's case, and upon the death of Henrietta, the survivor (Anthony) took the entire and absolute estate, in fee simple. While the rule in Shelly's case has been abrogated by statute in many of the States, it remains the law in this State, and must be enforced by the Courts. *Ware* v. *Richardson*, 3 Md. 544; *Simpers, Lessee*, v. *Simpers*, 15 Md. 160; *Thomas and Wife* v. *Higgins*, 47 Md. 451.

The rule is, where the ancestor takes an estate of freehold by gift or conveyance and in the same gift or conveyance an estate is limited either mediately or immediately to his heirs,

in fee or in tail the word heirs is a word of limitation of the estate and not a word of purchase.

While the operation of the rule in this State is conceded, it is contended, that the use of the word "joint" before "heirs," in the deed, is a word of explanation, indicating that the grantor meant to use the word in a qualified, sense as a mere *descriptio personarum* and as thus used, it explains who is to take, after the termination of the life estate, and consequently this case does not fall within the rule in Shelley's case. We have however been referred to no authority to sustain the construction contended for by the appellants here.

In *Auman* v. *Auman*, 21 Pa. St. 343, it was held, under a conveyance of land to husband and wife, for and during their natural lives or the life of the survivor, and after their death to the lawful heirs of them, that the first takers took a joint estate in fee simple; that the whole estate goes to the survivor and a conveyance by the wife after the death of the husband gave the grantee an estate in fee simple. And the Court said, there is no reason whatever and just as little authority as reason, for holding that a joint free hold estate to a man and his wife, with a fee to their heirs, is not within the rule.

So, in *Walters et al.* v. *Lyons*, 141 Ind. 170, it was held in a conveyance of land to A and B, his wife, during their natural lives and at their death, to the heirs of their body, that A and B took an estate in fee simple as tenants by entireties, B becoming on the death of A the sole and absolute owner and her grantee took the entire estate to the exclusion of her heirs and the heirs of A.

But if a doubt could be entertained, in this case, as to the intent of the grantor or the meaning of the words, "for their joint lives and the life of the survivor of them," and "to their joint heirs" as used in the deed it is at once removed, by reference to that part of the deed, wherein the grantor covenanted and agreed to give to the grantees, "such further deed or deeds, as may be necessary for the further securing unto them a good and sufficient right and title to the premises, *in fee simple.*"

While a grant in a deed cannot be controlled or limited by a covenant, yet it is well settled that the intention of the par- ties shall always prevail, if not repugnant to some principle of law, and that this intention is to be gathered from a consideration of the whole deed, and every part thereof.

We, therefore, hold, under the terms and wording of the deed here in question, that Anthony Pollitt, upon the death of his wife, Henrietta, took an absolute estate, in fee simple, and that his grantees take to the exclusion of her heirs.

For the reasons stated, the judgment of the Court below will be affirmed.

*Judgment affirmed with costs.*