JAMES CLARK, GUARDIAN, ET AL. *vs.* EVELINE CRESWELL.

*What Constitutes Delivery of Deed—Alteration in Deed After Delivery—Cloud on Title Created by Unauthorized Alteration of Deed.*

When the grantor has executed and acknowledged a deed and delivered it unconditionally to a third person for the grantee, the conveyance is complete, and the title has passed, although the grantee may be ignorant of the fact of the delivery of the deed to another for his benefit.

After the grantor has executed, acknowledged and delivered a deed no subsequent alteration made in it by him can affect the estate of the grantee.

A mother purchased certain real estate for her daughter Eveline to hold during her life, and at her decease to become the property of her heirs and assigns. The deed was executed, acknowledged and delivered by the grantor to the mother. Afterwards, and before the deed was recorded, the husband of Eveline asked her mother to insert his name in the deed, and the grantor at her request interlined the husband's name in the granting clause, and made the property pass to the heirs at "their decease." The deed was not re-executed or re-acknowledged, and these changes were not made with the consent of of the first grantee. *Held,* that since the original grantee, Eveline, had acquired a complete estate in the land

by the deed as first executed and delivered, that could not be affected by these alterations, and that she is entitled to maintain a bill in equity to have the same declared void as constituting a cloud on her title.

*Decided January 14th, 1910.*

Appeal from the Circuit Court for Howard County (FORSYTHE, J.).

The cause was argued before BOYD, C. J., PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*James Clark,* for the appellants.

*Frederick Dallam* (with whom was *Ogle Marbury* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

This appeal involves a consideration of the effect of alterations made in a deed, after execution and delivery, under the circumstances disclosed by the record.

It appears that Margaret A. Lizear purchased certain land for her daughter, Eveline Creswell, who is the appellee in this case. The deed as prepared at the instance of the vendor conveyed the property to "Eveline Creswell to hold during her life and no longer, at her decease to become the property of her heirs, their assigns, in fee simple." It was duly executed and acknowledged and was delivered by the grantor to Mrs. Lizear, who paid the purchase money. This was on September 30th, 1896. About two months later and before the deed was recorded, Mrs, Lizear, in order to gratify the desire of John Creswell, husband of Eveline, that his name be inserted in the deed, returned with it to the grantor, who at her request interlined the husband's name in the granting clause. He also, apparently upon his own motion, changed the word "her" preceding the word "decease" to "their" so that the clause was made to read "unto Eveline Creswell and

John Creswell, her husband, to hold during her life and no longer, at their decease to become the property of her heirs, their assigns, in fee simple." The deed was not re-executed or re-acknowledged. It was returned to Mrs. Lizear and later on it was recorded and then sent by the clerk to the appellee. The latter learned from her husband, before the deed reached her, that it had been changed so as to include him as one of the grantees. At that time the appellee was in possession of the property and has so continued to the present time. She did not consent to any change in the deed. Mrs. Lizear had other children, and to each of these, about the time of the conveyance to Mrs. Creswell, she made a pecuniary gift nearly equal to the amount of that purchase. It was undoubtedly her primary purpose to give the real estate in question to her daughter, the appellee, as a home, and it is evident from the record that her son-in-law was not originally an object of her bounty and that he was not considered in connection with the conveyance until after the property had been bought and paid for and the deed had been formally executed, acknowledged and delivered by the grantor.

The proceedings before us are due to the fact that the appellee sold the property and the purchaser declined to take the title because of its supposed infirmity resulting from the alterations of the deed referred to, and the assertion by the appellee's husband of an interest in himself under the deed. In order to remove this cloud from the title the bill in this case was filed by the appellee as plaintiff against her husband, their children, the heirs at law of Mrs. Lizear, who died in 1905, and the grantors in the deed, as defendants. The bill alleges the facts we have mentioned and prays that the interlineation of the name of John Creswell as a grantee, and the change of the words "her decease" to "their decease," in the deed, may be declared null and void, and that the cloud upon the title thereby created may be removed and the plaintiff decreed to have quiet enjoyment of the property as against the parties to the cause. The defendants were all duly summoned. After answers filed by some of them and a decree

*pro confesso* against the remainder, including John Creswell, who has made no appearance or defense, testimony was taken establishing without contradiction the facts already stated.

The Court below decreed that the attempted alteration of the deed was a nullity and that the plaintiff have quiet enjoyment of the property as prayed. In this determination we concur.

A deed duly executed and acknowledged is effective from the time of its delivery. *Barry* v. *Hoffman,* 6 Md 78. There is a consummated delivery when the instrument has passed from the grantor, without right of recall, to the grantee or some third person for his use. *Hearn* v. *Purnell,* 110 Md. 465; *Duer* v. *James,* 42 Md. 492; *Woodward* v. *Camp.* 22 Conn. 457. The test of delivery is the relinquishment by the grantor of the custody or control of the deed. When he has formally executed and acknowledged it and has delivered it unconditionally to the grantee, or one acting for him, the conveyance is completed and the title has passed. Note to *Munro* v. *Bowles,* (Ill.) 54 L. R. A. 865; *Shrader* v. *Bonker,* 65 Barb. 615.

Even though the grantee may be ignorant of the delivery of the deed to another for his use, yet his assent is presumed from the fact that he is benefited by the transaction. *Moore* v. *Giles,* 49 Conn. 570; *Bryan* v. *Walsh,* 7 Ill. 557; *Stewart* v. *Weed,* 11 Ind. 92; Note to *Munro* v. *Bowles, supra; Robbins* v. *Rascoe,* 120 N. C. 79.

In this case the only person, under the facts shown by the record, to whom the title, both legal and equitable, could be transferred by the deed at the time of its execution and delivery was the appellee. She was the only grantee then named in the deed; and the fact that the property was bought and intended for her, as well as the relationship of parent and child, prevented a resulting trust from arising in favor of her mother who paid the purchase money. *Walsh* v. *McBride,* 72 Md. 45; *Hays* v. *Hollis,* 8 Gill, 357; *Mut. Ins. Co.* v. *Deale,* 18 Md. 26. The grant to her for life with remainder to her heirs invested her with the fee simple title

under the rule in *Shelley's Case. Waller* v. *Pollitt,* 104 Md. 172.

It seems clear, therefore, that the grantor in the deed, when he executed, acknowledged and delivered it on September 30th, 1896, divested himself absolutely of the entire title, and that it was immediately transferred by the deed to the grantee to whom the conveyance purported to be made and for whom the property was in fact purchased. The title being thus effectually vested in the grantee, it could not be impaired by the subsequent alterations in the deed, especially when they were made without the grantee's consent.

A deed is merely the medium for the transfer of the title from the grantor to the grantee, and when its purpose is once fully accomplished its subsequent disposition cannot affect the title it has conveyed. It may be altered, mutilated, lost or destroyed; its executory provisions may be rendered inoperative by fraudulent changes or otherwise; but the title which has passed by it will remain undisturbed.

As was said by the Supreme Court of Massachusetts in *Chessman* v. *Whittemore,* 23 Pick. 233: "When deeds of conveyance of real, or bills of sale of personal property, are completed and possession delivered under them, so far as the change of ownership depends on them they are executed, and the property passes and vests in the grantee. The instruments may become invalid, so that no action can be maintained upon the covenants contained in them, and yet the titles which have been acquired under them remain unaffected. When a person has become the legal owner of real estate, he cannot transfer it or part with his title, except in some of the forms prescribed by law. The grantee may destroy his deed but not his estate. He may deprive himself of his remedies upon the covenants, but not his right to hold the property. This distinction has existed from the earliest times."

In *North* v. *Hennehherry,* 44 Wis. 320, where an alteration in a deed after execution and delivery was held to have destroyed the covenants in the deed, the Court ruled that

"such alteration did not, however, destroy or divest any estate which may have vested in the grantee at the date of its delivery; it only renders the deed so far void that no action can be maintained on any of the covenants contained therein by any party to the alteration."

This general principle was recognized also in *Rifener* v. *Bowman,* 53 Pa. St. 318, where the Court said: "If a grantee of land alter or destroy his title deed, yet his title to the land is not gone. It passed to him by the deed; the deed has performed its office as an instrument of conveyance, and its continued existence is not necessary to the continuance of title in the grantee but the estate remains in him until it has passed to another by some mode of conveyance recognized by law. It is the instrument which is rendered void, not the estate."

. In *Everett* v. *Everett,* 48 N. Y. 220, a father purchased property and had the deed made to his son as grantee. The deed was delivered to the father who received and retained possession of the deed and the land. The son was never informed of the conveyance. After the death of the latter the father destroyed the deed and obtained another from the grantor to a different grantee. The title being tried in eject ment, between parties claiming through the respective gran tees, it was held that the execution and delivery of the first deed, although the grantee was ignorant of its existence, had the effect of divesting the grantor of the title and transferring it to the grantee, and the judgment in favor of the party claiming under that grant was accordingly affirmed.

In discussing a situation somewhat similar to the present case, where a change had been made in the body of a deed, the Supreme Court of Alabama said that "if the alleged alteration in the deed was made after its delivery, then such alteration did not affect the conveyance." *Gulf Red Cedar Co.* v. *O'Neal,* 131 Ala. 129. The same general rule is stated, and authorities in its support are collected in 2 *Cyc.* 187.

In *Cole* v. *Pennington,* 33 Md. 476, after the execution and acknowledgment, but before the recording, of a deed to a

married woman, her husband, without her consent, endorsed on the deed immediately under the acknowledgment a provision to the effect that the grantor and another should have a home during their lives or pleasure in the premises described by the deed, with remainder to the children of the grantor. It was held that this condition was plainly no part of the deed and that as it was not shown to have been written by the authority of the assignee and signed either by herself or someone by her duly authorized, it could not operate as a re-demise of the premises; and, said the Court: "If it be true that it was appended after the deed was executed, and without the knowledge or sanction of the assignee, it was wholly void and without any effect whatever."

We hold, therefore, as already indicated, that the alterations in the deed now in question were, under the circumstances of this case, ineffectual to divest the appellee of; or invest any other person with, any interest in the property conveyed by the deed, and as the changes shown by the record to have been made in it after its delivery have created a cloud upon the title of the appellee to land of which she is in possession, she is entitled to have the cloud removed and the deed restored to its original state in this proceeding in which all possible interests are represented.

It is conceded, and could not well be doubted, that a Court of Equity has jurisdiction to grant such relief. *Polk* v. *Rose*, 25 Md. 153; *Du Val* v. *Wilmer*, 88 Md. 66; *Stewart* v. *May*, 111 Md. 162.

In accordance with the views we have expressed the decree of the Court below will be affirmed.

*Decree affirmed with costs.*