## SAMUEL S. HOULTON *vs.* MARY C. HOULTON.

*Deeds: in escrow for the benefit of the grantee; effect of—;*
  *enrollment, effect of—; presumption of acceptance.*
*Deeds of trust; misapprehension of grantor;*
  *bill to set aside; failure of proof.*

After a grantor has executed, acknowledged and delivered a
  deed to a third person for the grantee, the conveyance is com-
  plete and title passes, although the grantee may be ignorant
  of the fact of the delivery of the deed to another for his
  benefit.                                              p. 184

Execution, acknowledgment and enrollment of a deed make it
  obligatory on a grantor, and an enrollment is an acceptance
  by all the parties under it, unless the contrary be shown.
                                                        p. 187

In general, the intention of a grantee to accept a deed in his
  favor would be presumed, as the law intends that a party will
  accept what is for his benefit.                       p. 186

On appeal from an order refusing to set aside a deed of trust
  made by a husband in favor of his wife, after delivery by
  him to a third party for her and after it was put upon rec-
  ord, it was *held*, that there was no sufficient evidence in the
  case to support the plaintiff's theory, that he executed the
  deed under a misapprehension, or to overcome the presump-
  tion of delivery arising from the execution and recording of
  the deed.                                             p. 185

*Decided January 14th, 1913.*

Appeal from the Circuit Court of Baltimore City
(DAWKINS, J.).

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Pearce, Burke, Thomas, Pattison and Stockbridge, JJ.

*John Phelps* (with whom was *John Peirce Bruns* on the brief), for the appellant.

*Donald B. Creery* (with whom was *Eugene O'Dunne* on the brief), for the appellee.

Briscoe, J., delivered the opinion of the Court.

The bill in this case was filed on the 20th day of June, 1911, in the Circuit Court of Baltimore City by the plaintiff, against the defendants to vacate and set aside a trust deed dated the second day of October, 1909, executed by the plaintiff to the defendant, Mary C. Houlton, his wife as trustee.

The deed was recorded on the 13th day of November, 1909, in one of the Land Record books of Baltimore City and by the deed the grantor conveyed unto Mary C. Houlton as trustee, certain property located at Walbrook, on North avenue near Twelfth street, Baltimore, improved by a two-story frame building and an office building.

The trust created by the deed is as follows: In trust after the payment of all taxes, assessments, public charges and the cost of insurance and maintenance of said property in good condition, to apply the net income, rents and profits thereof to the support of the said Mary C. Houlton for and during the term of her natural life, or until her second marriage, and to the support, maintenance and education of Samuel Searley Houlton, Junior, and of any other child or children of the said Samuel S. Houlton and Mary C. Houlton who may be born of their marriage until they shall severally arrive at the age of twenty-one years, and from and after the death or second marriage of said Mary and after the arrival at the age of twenty-one years of the said Samuel Searley Houlton, Junior, and of the youngest of all other children aforesaid of said Samuel and Mary

who may arrive at said age of twenty-one years, or after the death of all of said children under the age of twenty-one years, in trust for the said Samuel S. Houlton, the grantor herein named, his heirs and assigns absolutely.

The prayer of the bill is that the deed be vacated and set aside for certain reasons stated in the bill and the property be declared by a decree to be the absolute property of the plaintiff, free and discharged from the trust created under the deed.

The deed is assailed upon several grounds: First, because the grantor executed the deed under an entire misapprehension of its provisions and under the belief that it contained a power of revocation or an absolute reversion in fee of the legal estate, in case his wife abandoned him, instead of a reversion in trust, on the death or second marriage of the wife, as now contained in the deed. That the absence of the power of revocation is fatal to the validity of the deed and that the provision relating to the reversion in trust on the death or second marriage of the wife was inserted in the deed without his consent or authority and contrary to his expressed wish and request. Secondly, that the deed after its execution was left with the grantor's father with the understanding and direction that it should not be put upon record until further instructions, but that it was subsequently, on the 13th of November, 1909, recorded without his knowledge, consent or authority and this being so there was no valid delivery of the deed, and, Thirdly, because the grantee refused to accept the deed when tendered to her, unless its provisions were changed and the registry of the deed was made without the assent of the grantee and against her earnest protest.

The defendant, Mary C. Houlton, as trustee and individually answered the bill at length, denying the main allegations upon which the relief rests, and stating that it would not be to her interest, or to the interest of her child, to consent that the deed should be set aside.

The answer avers that the deed was prepared by Samuel
C. Houlton, the father of the plaintiff, in accordance with
directions given him by the son; that it was determined
between them to omit from the deed any power of revocation
and the deed in its present form was prepared from instruc-
tions given by the son and was executed, acknowledged and
delivered by the plaintiff with full knowledge of its character
and legal effect and with the intention on the part of the
plaintiff to make it operative; that the delay as to the
registry of the deed was due to an oversight on the part
of the father and not because of any instruction or under-
standing to the contrary by the plaintiff.

The answer further avers that the deed was recorded by
the authority and with the consent of the plaintiff and the
propriety of the recording of the same was never questioned
by him for a long period after his learning of the recording
of the same, more than a year after the time and after the
knowledge by the plaintiff of the fact, before he was ever
heard to object to the deed having been recorded.

The answer also avers, that while it is true that she on
several occasions discussed with the plaintiff the propriety
of attempting to set the deed aside, such discussions were the
result of the suggestion of the plaintiff that it would be for
their material advantage to do so and that on one or more
occasions she permitted herself to be so persuaded by him
and may have so expressed herself, but it was done as the
result of her then belief in his arguments and that upon
mature reflection she was not of that opinion and never
co-operated with him in any attempt to set the deed aside,
nor does she now believe that it would be to her interest
or to the interest of the said child, in whose behalf the
said deed was made, to consent to any cancellation of the
same and that she would not have a right to do so.

A large amount of testimony, covering over one hundred
printed pages of the record, was taken in open Court and
after a hearing upon the bill, answers and proof, the Circuit
Court of Baltimore without filing an option, dismissed the

plaintiff's bill with costs to the defendant. And from this order an appeal has been taken.

It would answer no useful purpose to set forth here the evidence in detail in the record now before us because it is both conflicting and contradictory in the essential facts, which are necessary to be established before there can be a recovery on the part of the plaintiff.

There is no evidence to sustain the averments of fact, stated in the bill or to meet the burden of proof resting upon the plaintiff, other than his other testimony, and in this he is directly contradicted by the testimony of both his father and wife, upon the vital questions of fact.

There can be no serious controversy as to the law applicable to the facts of this case when they are once determined, because it has been settled by repeated decisions of this Court.

In *Duer* v. *James,* 42 Md. 492, it is said, to constitute a delivery of a deed, the grantor must do some act putting it beyond his power to revoke. The grantor must part with the possession of the deed, or the right to retain it. It is not essential to prove a formal delivery; this may be inferred from the acts of the party without words, or from words without acts, or from both combined. The delivery may be to a third party for the use of the grantee. *Hearn* v. *Purnell,* 110 Md. 464; *Stewart* v. *Redditt,* 3 Md. 67; *Barry* v. *Hoffman,* 6 Md. 78.

In *Clarke* v. *Creswell,* 112 Md. 342, it was held, after the grantor has executed, acknowledged and delivered a deed to a third person for the grantee, the conveyance is complete and the title has passed, although the grantee may be ignorant of the fact of delivery of the deed to another for his benefit.

In the present case, according to the weight of the testimony, the deed was formally signed, acknowledged and delivered by the grantor to his father for the benefit of the grantee, with directions and instructions that it be recorded among the Land Records of Baltimore City. It was subsequently recorded on the 13th of November, 1909, and not

until the 20th of June, 1911, were these proceedings instituted to vacate it.

The testimony of the father, Samuel C. Houlton, who prepared the deed, is to the effect that the subject of the deed of trust and the provisions therein for the support of his wife and child, were talked over between them, at least, six months before the execution of the deed; that the plaintiff read and reread the deed before it was signed and acknowledged, and thoroughly understood its terms because they were agreed to at the time and were his own suggestions. The deed was executed before a justice of the peace out of his office, brought back by the grantor, and delivered to him to be recorded. He then testified: "I remember distinctly looking at my watch at the time, and I remarked that it was too late to put it on record that day; if it had not been, it would have been recorded at once; it was because the business office was closed that it was not recorded just then."

He further testified, in answer to the following interrogatories:

Q. What did you do with the paper, the actual paper?

A. I put it in my pocket and took it home with me and put it in the drawer, put it in the drawer in my room, and it remained there some time.

Q. Why did it remain there?

A. Simply for no other reason than neglect.

Q. You neglected to put it on record?

A. No; I know of no reason I had for not putting it on record; I had no reason for not putting it on record.

Q. You had no reason for not putting it on record?

A. No, no reason whatever; he asked it should be; there was no reason for withholding it.

Q. Between the time it was executed, which, according to its date, was the 2nd of October, 1909, and the time of its being recorded, as shown by the paper to be November 13th, 1909, was there in that interim at any time any declaration or instruction by the plaintiff to you not to record the paper?

A. Positively not; I could not possibly have failed to remember anything of that kind.

There is no sufficient evidence in the case, we think, to support the plaintiff's theory, that he executed the deed of trust under a misapprehension of its provisions, or to overcome the presumption of the delivery of the deed arising from the execution and recording thereof. On the contrary, in our opinion, the testimony of Mrs. Houlton and Mr. Samuel C. Houlton establishes a sufficient delivery of the deed in law, to transfer title after the execution of the deed. 9 *A. and E. E. of Law* (2nd Ed.), 154; *Byers* v. *McClanahan,* 6 G. & J. 250; *Stokes* v. *Detrick,* 75 Md. 256; *Renehan* v. *McAvoy,* 116 Md. 356; *McEwen* v. *Troost,* 1 Sneed (Tenn.), 186.

But it is urged upon the part of the appellant that the deed is invalid because the grantee refused to accept it and disclaimed all interest under it.

The law is well established that acceptance by the grantee is essential to the validity of every deed, and the delivery to be effectual requires an acceptance by the grantee. *Leppoc* v. *Bank,* 32 Md. 136; *Duer* v. *James,* 42 Md. 492; *Renehan* v. *McAvoy,* 116 Md. 356.

In *Phelps* v. *Phelps,* 17 Md. 120, it is said, the execution, acknowledgment and enrollment of a deed makes it obligatory on the grantors, and one enrollment is an acceptance by all the parties claiming under it, unless the contrary be shown. *Hutchins* v. *Dixon,* 11 Md. 29; *Stokes* v. *Detrick,* 75 Md. 256.

While the proof shows that the grantee made objection to the provisions contained in the deed, relating to a second marriage, when it was presented to her after its execution, yet when she fully understood the terms of the deed and that she was made trustee for her child, she finally accepted it, and on June 9, 1910, gave a written order as trustee to rent the property.

The subsequent assent of the grantee to accept the deed, upon the proffer of the grantor, after the deed had been recorded, we think, would constitute a valid acceptance and pass the title, as there was then both a delivery and an acceptance.

The intention of the grantee to accept the deed will be presumed under the facts and circumstances of this case, as the law intends that a party will accept what is for his benefit. *Maccubbin* v. *Cromwell,* 7 G. & J. 157; *Carson* v. *Phelps,* 40 Md. 73; *Pond* v. *Hine,* 21 Conn. 519; *Gaither* v. *Gibson,* 61 N. C. 530; *Byers* v. *McClanahan,* 6 G. & J. 256; *Clarke* v. *Creswell,* 112 Md. 343; *Munro* v. *Bowles* (Ill.), 54 L. R. A. 865.

The declaration of the grantee as to the non-acceptance of the deed as set out in an agreement between the husband and wife in January, 1911, is explained in her testimony as the result of improper influence exercised by her husband and from certain representations made to her as to the terms of the deed.

All the facts and circumstances surrounding the execution of the deed in question, we think, confirms and sustains the testimony of Samuel C. Houlton, the father of the plaintiff, as to its preparation, execution, delivery and acceptance by the grantee, and as the plaintiff has failed by proper proof to sustain the averments of his bill, the order of the Court below, dismissing the bill, will be affirmed.

*Order affirmed, with costs.*