YOUNGE *v.* GUILBEAU.

1. The statute of Texas, relating to the organization, &c., of its District Courts, which enacts that when a party shall file an affidavit of the loss of an instrument recorded under the statute, or of his inability to procure the original, a certified copy of the record shall be admitted in like manner as the original—does not dispense with the proof which is exacted when the original instrument is filed, in case an affidavit (which the statute also allows) alleging a belief of its *forgery*, is made. It only allows the certified copy to take the place of the original when that is lost or cannot be procured: and the copy produced under such circumstances will have no greater weight than the original itself.

To avail himself, therefore, of the statute, the party must, in all cases, file, as therein prescribed, the original or the copy from the record, and give notice of the filing; and even then the statutory proof will be insufficient, if the affidavit alleging a belief of its forgery be made. Such affidavit being filed, the party relying upon the deed must make proof of its execution, with all its essential formalities, as required by the rule of the common law.

2. To constitute delivery of a deed the grantor must, as a general thing, part with the possession of it, or at least with the right to retain possession. Upon a question of delivery, its registry, if by him, is entitled to great consideration, and might, perhaps, in the absence of opposing evidence, justify a presumption of delivery. But where the grantee had no knowledge of the existence of the deed, and the property which it purported to convey always remained in the possession and under the control of the grantor, and where, therefore, any registry was of course without either his assent or knowledge, the presumption of a de-

livery from the fact of registry is repelled.   [N. B. In the case at bar, there was an allegation that the deed registered was a forgery.]

A STATUTE of Texas, relating to the registry of deeds, &c., provides as follows :*

" Every instrument of writing which is permitted or required by law to be recorded in the office of the clerk of the county court, and which has been, or may be so recorded after being proven or acknowledged in the manner provided for by the laws in force at the.time of its registration, shall be admitted as evidence, without the necessity of proving its execution; provided, the party who wishes to give the same in evidence shall file the same among the papers of the suit in which he proposes to use it, at least three days before the commencement of the trial of such suit, and give notice of such filing to the opposite party, or his attorney, of record; and *unless such opposite party, or some other person for him, shall, within one day after such notice, file an affidavit that he believes such instrument of writing to be forged.* And whenever any party to a suit shall file among the papers of the suit an affidavit, stating that any instrument of writing recorded as aforesaid, *has been lost*, or that *he cannot procure the original*, a certified copy of the record of any such instrument shall be admitted in like manner as the original could be."

With this statute in force, Mrs. Younge brought trespass against Guilbeau and eleven others in the Federal Court for the Western District of Texas, to try the title to a lot of ground in that district.   She proved that the lot belonged originally to one Nixon, her ancestor, now deceased, and that she was his sole heir.   Guilbeau and the others, defendants in the case, admitting the original ownership alleged, set up that Nixon had conveyed the lot, by deed, in his lifetime to a certain Shelby; from whom they, Guilbeau and the other defendants, derived title to themselves.

The suit thus involved, in its merits, the existence of a deed from Nixon to Shelby.

---

* Statute of May 11, 1846, relating to the organization, &c., of the District Courts;  Oldham & White's Digest, of Texas Laws, art. 469, pp. 124–5.

No original deed to Shelby was produced. A document, however, purporting to be a deed executed by Nixon to Shelby, embracing the premises in question, bearing date the 10th day of October, 1838, and acknowledged the 29th of the same month, had been filed for record on the 7th of December, 1846, in the office of the clerk of the proper county, in Texas, and was afterwards in due form placed on the records of the office. A certified copy of *this* instrument was offered in evidence by the defendants and admitted against the objection of the plaintiffs.

The defendants, on their side, and as a foundation for the admission of this certified copy, relied upon various affidavits by one of the defendants, and the counsel of the others, to show a loss of or inability to procure the original. None of the affidavits, however, though circumstantial enough, were *clear and direct* to this point; nor did any of them show, plainly, and as a matter of fact, that the deed (genuine or forged) which had been recorded, might not yet be in the possession or control of *some* of the numerous defendants.

The plaintiff, on her side, and in anticipation that this certified copy instead of any original would be offered in evidence, had filed an affidavit under the statute, that the original instrument purporting to be a conveyance from her ancestor to Shelby, and of which a copy was now offered, was, as she verily believed, "*forged.*"

The court charged the jury with respect to the effect of this affidavit, as follows:

" It furnishes no proof whatever to the jury, that such deed is a forgery. It merely lays the foundation, or affords a basis, upon which the plaintiff might introduce evidence to sustain the charge, and show to the satisfaction of the jury, if she could, that it was, in fact, a forgery."

And further, in the same connection, and on the same point, the court *refused* the following instruction, asked by the plaintiff as to the effect of the affidavit, to wit:

" It devolves upon the defendants, in order to enable them to hold the property under the said deed, to show, by evidence

satisfactory to the jury, that the said deed was, in fact, signed, sealed, and delivered by Nixon in his lifetime.   Otherwise the fee (the legal title) to the property remained in him at the time of his death, and was cast, by descent, on his heirs."

As to the *delivery* of the deed by Nixon to Shelby, the latter testified that he never knew of the existence of the deed until after the death of Nixon, and that he never made any claim to the property; and the evidence showed that the deed and the property which it purported to convey remained in the possession and control of the grantor until his death.

The court, at the instance of the defendant, charged the jury on this head as follows:

"This suit is not to be regarded as the contest of creditors against the deed, nor as a contest between deeds of different dates; but as a contest, just as though Nixon himself was the plaintiff; his heir being bound by all his acts.   And if he made the deed, the question of consideration is of no consequence, because as between Nixon and Shelby, or Shelby's vendors, the deed was binding, whether there was any consideration or not, or whether the deed was actually delivered to Shelby or not. If it was Nixon's deed, and Shelby acted under it, Mrs. Younge is bound by those acts."

The defendants had judgment, and the plaintiff brought her writ of error here.

*Mr. Reverdy Johnson, for the plaintiff in error; Mr. G. W. Paschall, contra.*

Mr. Justice FIELD delivered the opinion of the court.

The State of Texas has provided by her legislation, as has been done in other States, a system for the registry of deeds and conveyances affecting the title to real property; and in connection with it, has modified, in some particulars, the rule of the common law with respect to the proof of their execution, when produced in the course of legal proceedings. One of her statutes enacts that every such instrument, when

duly acknowledged and recorded pursuant to laws in force at the time, shall be admitted in evidence without proof of its execution, if the party desiring its introduction file it among the papers of the suit three days before the commencement of the trial, and give notice of the filing to the opposite party, unless such opposite party, or some one for him, shall, within one day after the notice, file an affidavit that he believes the instrument to be forged. The same statute enacts that when a party shall file an affidavit of the loss of the recorded instrument, or his inability to procure the original, a certified copy of the record shall be admitted in like manner as the original.

This latter provision does not dispense with the proof which is exacted when the original instrument is filed, in case an affidavit alleging a belief of its forgery is made; it only allows the certified copy to take the place of the original, when that is lost or cannot be procured. It was not intended to give to the copy produced under such circumstances greater weight than to the original itself. To avail himself, therefore, of the statute, the party must, in all cases, file as therein prescribed, the original or the copy from the record, and give notice of the filing; and even then the statutory proof will be insufficient, if the affidavit alleging a belief of its forgery be made. Such affidavit being filed, the party relying upon the deed must make proof of its execution, with all its essential formalities, as required by the rule of the common law.

The court below held otherwise, and instructed the jury in substance, that the affidavit with respect to the deed under which the defendants claimed in this case, only laid the foundation upon which she might introduce evidence to sustain the charge, and to show that such deed was in fact a forgery, and refused an instruction requested, that under these circumstances it devolved upon the defendants to show the due execution of the instrument.

The ruling of the court in this particular was clearly erroneous. The plaintiff, contesting the validity of the deed, was at liberty to show that it was a forgery without a pre-

vious affidavit of his belief on the subject. The affidavit was only required to meet the notice under the statute. that the adverse party intended to rely upon the statutory proof.

No attempt was made to meet the requirements of the common law in the proof of the deed. The affidavits of its loss only negatived, upon information and belief, its possession by some of the defendants. Its possession by some of them was consistent with every averment made. The defendants relied alone upon the copy from the record, and the court erroneously held that such copy was sufficient.

We might rest our decision here, but it is proper to notice another ruling of the court below, to prevent its repetition on a second trial. The proof of the execution of the deed necessarily involved proof of its delivery. The evidence offered, so far as appears by the record, showed that the grantor never parted with its possession, except as may be inferred from the fact of its registry. And the grantee testified that he never knew of its existence until after the death of the grantor, among whose papers it was found; and that he never claimed any interest in the property. Yet the court instructed the jury that as there was no contest of creditors against the deed, the instrument was binding, whether delivered or not. In this instruction there was also clear error. The delivery of a deed is essential to the transfer of the title. It is the final act, without which all other formalities are ineffectual. To constitute such delivery the grantor must part with the possession of the deed, or the right to retain it. Its registry by him is entitled to great consideration upon this point, and might, perhaps, justify, in the absence of opposing evidence, a presumption of delivery. But here any such presumption is repelled by the attendant and subsequent circumstances. Here the registry was of course made without the assent of the grantee, as he had no knowledge of the existence of the deed, and the property it purported to convey always remained in the possession and under the control of the grantor.*

---

* Jackson *v.* Phipps, 12 Johnson, 419; Jackson *v.* Leek, 12 Wendell, 105.

The judgment of the District Court must be reversed, and the cause remanded for a new trial; and it is

So ordered.

Maynard *v.* Maynard, 10 Massachusetts, 456; Wiggins *v.* Lusk, 12 Illinois, 132; Roosevelt *v.* Carow, 6 Barbour, 194; 2 Washburn on Real Property, 581.

