Syllabus.

### HERMAN WEBER *et al.*

*v.*

### AMALIA CHRISTEN.

*Filed at Ottawa May 12, 1887*

1. DELIVERY OF DEEDS—*how far essential—of manner of delivery, and evidence thereof.* A delivery is in all cases essential to the giving effect to a deed.

2. The ordinary and simplest mode of delivery of a deed is the actual tradition or manual transfer of the instrument from the grantor to the grantee, for the purpose and with the intention of passing the title from the former to the latter, and of relinquishing all power and control over the instrument itself. But the actual passing of the deed from the hands of the one to the other is not absolutely essential in any case.

3. Where the grantor in a deed lying in the presence of the parties to it, with the intention of passing the estate and of divesting himself of all power over the instrument itself, directs the grantee to take possession of it, and the latter signifies his assent, the delivery will be complete without either of the parties actually touching the deed.

4. So, in such case, if the grantor should, with a like purpose and intent, pick up the deed and hand it to the grantee without saying anything, the delivery would be equally good.

5. Act and intention are the two elements or conditions essential to a delivery of a deed. The act may be a manual transfer of the instrument, with or without words, or it may be a purely verbal act, as, when the grantee is simply directed to go and get the deed already prepared for him. It is the intention, however, which gives vitality to the deed.

6. The crucial test of a delivery, in all cases, is the intent with which the act or acts relied on as the equivalent or substitute for actual delivery, were done. This intent is to be gathered from the conduct of the parties, particularly the grantor, and all the surrounding circumstances. .

7. In the case of an adult grantee, the mere acknowledging and recording of a deed without his knowledge or consent, does not, of itself, amount to a delivery. Yet if it should appear, from all the circumstances, that these acts were intended for a delivery, they would have that effect.

8. The acknowledging and recording of a deed by the grantor would amount to a delivery in the case of a voluntary settlement, or of a conveyance in trust for creditors, or of a conveyance to a person who, for any cause, is incapable of making a valid contract.

9. SAME—*delivery must be unconditional.* In the case of an actual delivery of the instrument by the grantor to the grantee, though accompanied with a verbal understanding that it is not to take effect except upon certain conditions, the title will nevertheless pass, upon the well-settled principle that a deed voluntarily placed in the hands of the grantee is never to be treated as an escrow.

10. SAME—*of the acceptance.* As a general rule, when nothing appears to show a contrary intention, if the owner of an estate makes a conveyance of it, and places the deed upon record without the knowledge of the grantee, the title will pass, if the latter, on being informed of the transaction, assents to it. When the conveyance is a voluntary settlement, or to one not *sui juris,* a formal assent need not be proved, as it will, if nothing further appear, be presumed.

11. A party made, acknowledged and placed on record a deed of himself and wife for all his land, including his homestead, to two nephews of his wife, one of whom was a minor, without their knowledge at the time. They expressed their assent on being informed of the transaction. This, by itself, would show a valid delivery; but the proof showed that the grantor's object was to place the land beyond the reach of creditors, and that he retained the custody and control of the deed after it was recorded, and with this proof it was held that the deeds never took effect for want of a delivery.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. JOSEPH PFIRSHING, for the appellants:

In case of a voluntary settlement the delivery of the deed is presumed. *Souverbye* v. *Arden,* 1 Johns. Ch. 256; *Bryan* v. *Wash,* 2 Gilm. 568; *Walker* v. *Walker,* 43 Ill. 312; *Reed* v. *Douthit,* 62 id. 348.

When a deed is recorded by the grantor with the consent of the grantee, it is a good delivery. *Mitchell* v. *Ryan,* 3 Ohio St. 377; *Cecil* v. *Beaver,* 28 Iowa, 246; *Snyder* v. *Lokenour,* 2 Ired. Eq. 360; *Ellington* v. *Currie,* 5 id. 23; *Hoffman* v. *Mackall,* 5 Ohio St. 130.

Other courts have held that the simple recording of a deed is *prima facie* evidence of a delivery. *Himes* v. *Keighblingher,* 14 Ill. 469; *Mallett* v. *Page,* 8 Ohio St. 367; *Rivard* v. *Walker,* 39 Ill. 415.

Where the deed is of a beneficial character to the grantee, its acceptance by him will be presumed. *Rivard* v. *Walker,* 39 Ill. 413.

In quite a number of cases it has been held that if, in a voluntary settlement, the possession of the deed remains with the grantor until his death, it does not invalidate the deed. *Reed* v. *Douthit,* 62 Ill. 348; *Villiers* v. *Beaumont,* 1 Vern. 100; *Bale* v. *Newton,* id. 464; *Clavering* v. *Clavering,* 2 id. 475; *Souverbye* v. *Arden,* 1 Johns. Ch. 240; *Bunn* v. *Winthroop,* id. 329; *Boughton* v. *Boughton,* 1 Atkyns, 625.

The law presumes much more in favor of the delivery of deeds, in the case of voluntary settlements, especially when made to infants, than it does in cases between parties of full age, or in ordinary cases of bargain and sale. *Bryan* v. *Walsh,* 2 Gilm. 568; *Masterson* v. *Cheek,* 23 Ill. 72; *Rivard* v. *Walker,* 39 id. 415; *Reed* v. *Douthit,* 62 id. 348.

It has been held that it is not necessary that the grantee should have the deed in his possession, or ever have seen it. If it is delivered to a stranger for his benefit, it is sufficient. *Hatch* v. *Hatch,* 9 Mass. 309; *Lessee of Shirley* v. *Ayres,* 14 Ohio, 307.

Where the deed to a child is absolute in form and beneficial in effect, and the grantor and father voluntarily causes the same to be recorded, this is, in law, a sufficient delivery to the infant, and the title to the lands conveyed will pass thereby. In such case actual manual delivery and a formal acceptance are not necessary. *Cecil* v. *Beaver,* 28 Iowa, 246.

It has been decided that where the grantor to a voluntary conveyance, especially where the grantee is a minor, causes the deed to be recorded, it will be regarded as an absolute delivery, and that the grantor can not afterward direct the recorder not to deliver the deed to any other person—that the grantor has lost the control of the deed. *Rivard* v. *Walker,* 39 Ill. 415; *Insurance Co.* v. *Campbell,* 95 id. 285.

Messrs. SMITH & FORCH, for the appellee:

· The court has repeatedly said: "The very essence of the delivery is the intention of the parties." *Cline* v. *Jones*, 111 Ill. 567; *Bryan* v. *Wash*, 2 Gilm. 557; *Bears* v. *Spencer*, 101 Ill. 433.

Under the facts and circumstances of this case, it is clear that the mere act of recording the deeds did not, of itself, amount to a delivery. *Herbert* v. *Herbert*, Breese, 354.

This case is directly in point, and the doctrine there announced has since been repeatedly re-affirmed by this court: *Wiggins* v. *Lusk*, 12 Ill. 132; *Kingsbury* v. *Burnside*, 58 id. 322; *Insurance Co.* v. *Campbell*, 95 id. 282.

In the last case, the court, in addition to the authorities cited in the case in Breese, refer to *Hawkes* v. *Pike*, 105 Mass. 560; *Derry Bank* v. *Webster*, 44 N. H. 267; *Young* v. *Guilbeau*, 3 Wall. 641.

The facts refute any presumption of a voluntary gift, and show the grantor intended to keep the control of the deed and property. *Masterson* v. *Cheek*, 23 Ill. 77; *Hulick* v. *Scovill*, 4 Gilm. 190; *Thompson* v. *Jackson*, 10 Bush, 429; *Cline* v. *Jones*, 111 Ill. 563.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The appellants, Herman and Bruno Weber, brought an action of ejectment in the Superior Court of Cook county, against Amalia Christen, for the recovery of certain lots and parcels of land, which, it is conceded, formerly belonged to her husband, Ludwig Christen, now deceased. There was a judgment for defendant in the court below, and the plaintiffs appealed to this court.

It appears that Christen and wife, on the 15th of January, 1884, executed two deeds, which, together, purported to convey the premises in question to the plaintiffs, who are nephews of Mrs. Christen, one of whom was at the time a minor. One

of the parcels of land constituted the homestead premises of the grantors, but the deed covering it contained a formal release and waiver of the right of homestead therein. The deeds were properly acknowledged before a notary on the day of their execution, and on the following day were filed for record in the proper office. Having been recorded, they were shortly afterwards taken out of the office by Christen, and were kept by him or his wife until his death, which occurred in March, 1885. After that time she had exclusive possession and control of them up to the time of the commencement of this suit. Christen left no children or descendants of children. The appellants had no knowledge of the making of the deeds in question, or of the filing of them for record. The father of the grantees testifies, however, that Christen, on a certain occasion, informed them of what he had done, and that they expressed their approval by thanking Christen for it. On the other hand, the evidence tends to show that the real object in making the deed was to put the property beyond the reach of Christen's creditors. Christen stated to the notary, as the latter testifies, that the deeds were made without consideration, and assigned as a reason therefor that he and his wife had been in trouble and did not wish to get into any more; that they had had to pay a judgment, and that he was afraid they would have to pay another; that "they wanted to convey the property, so the courts could not get hold of it." When cautioned by the notary, and told that it was dangerous to transfer their property that way, Christen replied "that they relied perfectly on their relatives, and they would take all the responsibility of conveying them the property, because it would not hurt them any."

Assuming this testimony to be true, (and there is nothing in the record to the contrary,) it is very clear that Christen did not, by the making and recording of these deeds, intend to deprive himself of the property which they purported to convey. His purpose was evidently to make the public record

show the title in his wife's nephews, without any intention of parting with the property itself, and by this means protect it from legal process.

The question then arises, whether the making and recording of the deeds, under the circumstances and for the purpose stated, had the effect, notwithstanding the grantors purposely retained possession of the deeds, of passing the title to the premises to the grantees,—or, in other words, the question is, do the facts stated show a delivery of the deeds? This is the only question in the case.

That a delivery, in every case, is essential to the operation and validity of a deed, is conceded by all; but whether the facts relied on to establish a delivery in a particular case are sufficient for that purpose, often presents a difficult question to determine. This results from the fact that the law does not afford any universal test, applicable alike to all cases, by which the question of delivery may be certainly determined. The ordinary and simplest mode of delivering a deed, is, of course, the actual tradition or manual transfer of the instrument from the grantor to the grantee, for the purpose and with the intention of passing the title from the former to the latter, and of relinquishing all power and control over the instrument itself. But it is well settled that this actual passing of the deed from the hands of one to that of the other is not absolutely essential in any case. Other acts, accompanied with a clear intention to pass the title from one to the other, are equally efficacious in establishing a delivery. Thus, where the grantor in a deed lying in the presence of the parties to it, with the intention of passing the estate and of divesting himself of all power over the instrument itself, directs the grantee to take possession of it, and the latter signifies his assent, the delivery will be complete without either of the parties actually touching the deed. Or if, in the case supposed, the grantor should, with a like purpose and intent, pick up the instrument and hand it to the grantee without

saying anything, the delivery would be equally good. Hence the oft-repeated saying in the books, that a deed may be delivered by some act without words, or with words without any act of delivery, or by words and acts both. The statement, as here formulated, is the substance of what is to be found in all the books which treat of this subject, yet it may be doubted whether it is not liable to misapprehension.

Act and intention are the two elements or conditions essential to a delivery. The act may, as we have just seen, be a manual transfer of the instrument, with or without words, or it may be a purely verbal act, as, where the grantee is simply directed to go and get the deed already prepared for him. It is the intention, however, which gives vitality, force and effect to the act, whatever that may be. There is this diversity, however: In the case of an actual delivery of the instrument by the grantor to the grantee, though accompanied with a verbal understanding that it is not to take effect except upon certain conditions, the title will nevertheless pass, upon the well settled principle that a deed voluntarily placed in the hands of the grantee is never to be treated as an escrow. *People* v. *Bostwick,* 32 N. Y. 445.

As the deeds in this case were never actually delivered by the grantor, the question arises, what act or acts of his, verbal or otherwise, can be regarded or treated as an equivalent or substitute for such actual delivery? If the acknowledgment and recording of the deeds can not be so regarded and treated, then, of course, there is nothing in the record that can be. It is to be regretted that the decisions on this subject can not be fully harmonized on any well-recognized principle. We think, however, that the crucial test, in all cases, is the intent with which the act or acts relied on as the equivalent or substitute for actual delivery were done. This intent, of course, is to be gathered from the conduct of the parties, particularly the grantor, and all the surrounding circumstances. We think, in the case of an adult grantee, the acknowledging and

7—121 ILL.

recording of the deed without his knowledge or consent does not, of itself, according to the weight of authority, amount to a delivery. (*Parker* v. *Hill*, 8 Metc. 447; *Jackson, demise of Eames* v. *Phipps*, 12 Johns. 418; *Woodbury* v. *Fisher*, 20 Ind. 388; *Parmlee* v. *Simpson*, 5 Wall. 81; *Herbert* v. *Herbert*, Breese, 354.) Yet if, from all the circumstances in such a case, it appears the grantor, by these acts, intended to give effect and operation to the deed and to relinquish all power and control over it, we think it clear the law would give the deed effect accordingly,—in other words, such acts would, in law, amount to a delivery. This would certainly be so in the case of a voluntary settlement, or of a conveyance in trust for the benefit of creditors, or of a conveyance to a person who, from any cause, is incapable of making a valid contract. *Tompkins* v. *Wheeler*, 16 Pet. 106; *Young* v. *Guilbeau*, 3 Wall. 636; *Masterson* v. *Cheek et al.* 23 Ill. 72; *Bryan et al.* v. *Wash et al.* 2 Gilm. 557.

It is also true, as a general proposition, where nothing appears to show a contrary intention, that if the owner of an estate makes a conveyance of it, and places the deed upon record without the knowledge of the grantee, the title will nevertheless pass, if the latter, on being informed of the transaction, assents to it. And where the conveyance is a voluntary settlement, or to one who is not *sui juris*, a formal assent need not be shown, as it will, if nothing further appear, be presumed.

In the present case, it will be remembered, the deeds were made and put on record without the knowledge of the grantees, who were subsequently informed of the fact by the grantor. When so informed, according to the testimony of their father, they both expressed their assent and satisfaction at what had been done, but as one of them was a minor, no significance can therefore be attached to his approval of the conveyance. If nothing further appeared in the case than this, we would have no hesitancy in holding that the appellants acquired a

good title to the property. But such is not the case. From what has already appeared, we are fully satisfied there was no original intention, on the part of Christen or his wife, to part with the deed or the estate in the land. This is not only shown by his declarations to the father of the grantees, and the notary who took the acknowledgment, but also by the fact that he never parted with the custody or control over the deeds during his lifetime. He did not even permit them to remain in the clerk's office but a few days, for the purpose of having them recorded. They were left at the office on the 16th of January, and taken out on the 5th of the following month.

We think, all the facts considered, this case is clearly governed by the case of *Union Mutual Ins. Co. et al.* v. *Campbell,* 95 Ill. 267, in which will be found an extended discussion of the questions herein adverted to, and a general review of the authorities bearing upon them, and we therefore specially refer to that case, as containing a full expression of our views on the subject.

While the case in hand is, in some respects, a close one, yet, upon the whole, we think the finding of the lower court is correct, and that the judgment should therefore be affirmed.

*Judgment affirmed.*