### WEED *v.* HEWLETT.

*(Supreme Court, General Term, First Department.* December 31, 1890.)

MORTGAGES—ASSIGNMENT—PROOF OF DELIVERY.

Plaintiff sued to recover certain bonds and mortgages then in possession of defendant, alleging that he was the owner thereof by virtue of an assignment from the mortgagee, and that defendant had obtained possession before the action was brought, and refused to deliver them. Defendant denied plaintiff's ownership, and alleged that he (defendant) held the bonds and mortgages before the death of the mortgagee as agent, and afterwards as executor, of the mortgagee, and that the mortgagee was the owner at the time of his death. The assignments to plaintiff were duly signed by the mortgagee, and were witnessed by defendant, but he was not examined as to whether there had been a delivery to or for the benefit of plaintiff. *Held,* that there was no proof of a delivery, and the complaint should be dismissed.

Exceptions from circuit court, New York county.

Action by Claudine B. Weed against Van Wyck Hewlett. Plaintiff's exceptions were ordered to be heard in the first instance at general term.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Daniel S. Remsen,* for plaintiff. *Josiah T. Marean,* for defendant.

BARRETT, J. The action was to recover the possession of two bonds and mortgages made by different persons to one Abraham Hewlett. These instruments, the plaintiff alleges, were duly assigned to him by Hewlett. He

further avers that he is the owner these bonds, mortgages, and assignments; and that the defendant, who obtained possession of them prior to the commencement of the action, has refused to deliver them to him upon demand. The defendant denied the plaintiff's ownership, and alleged that at the time of Hewlett's death, which occurred on the 22d day of October, 1888, the bonds and mortgages were in his possession as Hewlett's agent, and that they have since been in his possession as Hewlett's executor. He also alleges that the bonds and mortgages were Hewlett's property at the time of his death. Upon this state of the pleadings it was incumbent upon the plaintiff to prove delivery. He contented himself with requiring the production of the instruments by the defendant upon the trial, and then offering them in evidence. This was not enough. Delivery was essential to the transfer of title. It is, as was said in *Younge* v. *Guilbeau,* 3 Wall. 636, "the final act, without which all other formalities are ineffectual. To constitute such delivery, the grantor must part with possession of the deed, or the right to retain it." Here the assignments were never recorded, and the plaintiff is not aided by the presumption which sometimes arises from that circumstance. Nor can delivery be inferred, under the circumstances, from the fact that the defendant was the subscribing witness to the assignments. It is true that his signature followed the expression, "signed, sealed, and delivered in presence of," but that was a mere formality, and one which naturally preceded delivery. Standing alone, it here indicated nothing, one way or the other, as to the actual fact of delivery. The subscribing witness was not dead, (as in *Hope* v. *Harman,* 11 Jur. 1097,) and he could have been called to explain the attendant circumstances. That burden was on the plaintiff. The rule laid down by Chancellor KENT, in *Souverbye* v. *Arden,* 1 Johns. Ch. 254, 255, and by the court of errors, in *Verplank* v. *Sterry,* 12 Johns. 536, (following the ancient English cases of *Taw* v. *Bury,* 2 Dyer, 167*b,* and *Shelton's Case,* Cro. Eliz. 7,) is inapplicable, for there is no evidence that the plaintiff was present when the assignments were executed, nor that they were delivered to the defendant for him or to his use. The plaintiff thus relies upon the naked fact of the existence of the assignments, and their possession by the subscribing witness. This, in my judgment, was not sufficient to carry the case to the jury. In *Fisher* v. *Hall,* 41 N. Y. 422, DANIELS, J., speaking for the court of appeals, cited with evident approval the case of *Rushin* v. *Shields,* 11 Ga. 636, where "it was held that the attestation clause, reciting that the deed was delivered, was not, of itself, sufficient to establish a delivery." This principle applies with greater force where possession is in the subscribing witness. If any presumption is to be indulged in from that isolated fact, it is that the deed never passed from his hands after he signed the attestation clause. The plaintiff here should have gone further, and shown the circumstances attending the execution of the assignments. Having failed to do this, or to establish delivery either directly or inferentially, he was properly nonsuited. The exception must therefore be overruled, and judgment directed for the defendant, dismissing the complaint, with costs. All concur.