## Mary W. Weaver v. Fannie F. Weaver.

1. GIFTS—*What Constitutes an Effective Gift of an Insurance Policy.*
—It is not essential to an effective gift that the custody of the policy
itself be delivered into the hands of the assignee. The declared intent
of the donor, the execution and acknowledgment of the deed of assign-
ment, the delivery of a duplicate thereof to the insurance company,
with notice to the donee that it had been done, are sufficient to con-
stitute a complete and effective gift.

2. INSURANCE—*Gift of a Policy—Actual Delivery Not Necessary.*—
Actual delivery of the writing into the hands of the donee is not essential
to constitute an effective gift of insurance.

3. DELIVERY—*Of Deed—No Set Form Necessary.*—There is no pre-
cise or set form in which a delivery must be made. A deed may be
delivered by words without acts, or by acts without words, or by both
acts and words. After the writing has been signed and sealed, an intent,
coupled with acts or words evincing such intent, to consummate and
complete it, and to part absolutely and unconditionally with it and the
right over it, is sufficient to give it legal existence as a deed.

Interpleader.—Trial in the Circuit Court of Cook County; the Hon.
EDWARD F. DUNNE, Judge, presiding. Finding and decree for plaintiff;
appeal by defendant. Heard in this court at the October term, 1898.
Reversed and remanded with directions. Opinion filed March 16, 1899.

On December 20, 1882, Edward L. Weaver obtained a
policy of life insurance upon his life for the amount of
$2,000. On December 16, 1891, said Weaver intermarried
with appellee. After the marriage, and on October 8, 1892,
Weaver assigned, or undertook to assign, the policy to his
mother, appellant. On May 9, 1897, about fifteen or twenty
minutes before his death, Weaver assigned, or undertook to
assign, the same policy to his wife, appellee. The assign-
ment to the appellant was by a written deed of assignment,
signed, sealed and acknowledged before a notary public. It
was executed in duplicate. One of the duplicates was deliv-
ered by Weaver to the insurance company. What was
done with the other duplicate is not disclosed. At the time
of making this assignment, Weaver notified his mother,
appellant, that he had made the assignment to her, and that
he would hold for her the assignment and the policy.

Weaver v. Weaver.

The assignment to appellee was also by deed of assignment executed a few minutes before Weaver's death.  After signing the written assignment, he directed it, with the policy, to be delivered to appellee.

There is no question raised as to the fact of the second assignment to appellee having been complete and effective, had it not been for the prior assignment to appellant.  The question presented, and the only question, was as to the sufficiency of the first assignment, viz., the assignment to appellant.

This question was presented to the trial court upon a bill of interpleader exhibited by the insurance company and answers thereto by appellant and appellee.  The prayer of the bill was granted, and upon a former trial between appellant and appellee, the trial court decreed in favor of appellee.  An appeal was prosecuted to this court, and the decree was reversed and the cause remanded for another trial.  Weaver v. Weaver, 73 Ill. App. 301.

The ground of reversal was the exclusion by the trial court of certain evidence proffered by appellant, tending to show intent of Weaver at the time of the first assignment.

Upon a second trial this evidence was admitted, and the trial court again entered a decree for appellee.  From that decree this appeal is prosecuted.

HOLDEN & BUZZELL, attorneys for appellant; WM. H. HOLDEN, of counsel.

The only paper requiring a delivery to make it effectual was the assignment; a delivery of the policy would not pass any interest in it, and the assignment having been delivered, the possession afterward of a duplicate of it and of the policy by the assignor has no effect upon the operation of the assignment.

In a gift by parol, only, is the delivery of the thing given essential.  Ewing v. Ewing, 2 Leigh (Va.), 343; Carpenter v. Soule, 43 Sickels (88 N. Y. 257); Matson v. Abbey, 70 Hun, 477; McCutchen v. McCutchen, 9 Porter (Ala.), 650; Walker

v. Crews, 73 Ala. 415; Crawford v. Bertholf, 1 N. J. Eq. 458; Bunn v. Winthorp, 1 Johns. Chy. 329; Reed v. Douthit, 62 Ill. 348; Fulton v. Fulton, 48 Barb. 590.

To notify the debtor to a non-negotiable written contract of an assignment thereof in the manner made known by him as satisfactory, might, in the absence of the delivery of the assignment to the donee, well be regarded as one of the most important steps in the transfer, in determining whether or not, by the acts of the parties, an equivalent of, or substitute for actual delivery appeared. Williams v. Chamberlain, 165 Ill. 220.

The law presumes more in favor of the delivery of deeds, made in the course of voluntary settlements, than it does in ordinary cases of bargain and sale. Winterbottom v. Pattison, 152 Ill. 334; Reed v. Douthit, 62 Ill. 348.

A gift of a chose in action may be made in two ways: By delivery without assignment, or by assignment without delivery of the evidence of the chose in action. 8 Am. & Eng. Ency., 1322–1323; Matson v. Abbey, 70 Hun, 477.

ROGERS & MAHONEY and FREDERICK A. WILLOUGHBY, attorneys for appellee, contended that it was essential to the validity of the assignment of the policy to Mary W. Weaver, appellant, that delivery of the assignment or its equivalent should take place. No actual delivery to appellant took place, nor does the evidence show that Weaver performed such other acts looking to the completion of the gift as in cases of actual delivery, as would, under the circumstances, have been equivalent to, or a substitute for, such actual delivery. Weber v. Cristen, 121 Ill. 91; Am. and Eng. Enc. Law, 1313; Palmer v. Merrill, 6 Cush. 282; Lemon. v. Phoenix M. L. Ins. Co., 38 Conn. 294; Williams, Adm'x, v. Chamberlain, 165 Ill. 210; Bristow v. Hall, 16 Texas, 566; Riseley v. Phoenix Bank, 83 N. Y. 318; William, Adm'r, v. Guile, 46 Hun, 645.

Nor does the evidence in this case establish a trust. From a mere imperfect gift a trust can not be deduced. Williams, Adm'x, v. Guile, 46 Hun, 645; Badgley v. Votrain, 68 Ill.

25; Kingsbury v. Burnside et al., 58 Ill. 310; Stevenson v. Crapnel et al., 114 Ill. 19; 2 Pomeroy's Eq. Jur., Sec. 1044; Lantry v. Lantry, 51 Ill. 458; Biggins et al. v. Biggins, 133 Ill. 218; Young, Adm'r, v. Young et al., 80 N. Y. 422; Clark v. Durand, 12 Wis. 233; Perry v. McHenry, 13 Ill. 236.

Mr. Justice Sears delivered the opinion of the court.

The ground of reversal of the former decree in this case was the exclusion of evidence of declarations made by Weaver at the time of the first assignment, *i. e.*, the assignment to appellant. In deciding the former appeal, this court, speaking through Mr. Justice Windes, said:

"If the fact that this assignment to the mother being sent to the company, that being, as the Supreme Court say, 'in the manner made known by it as satisfactory,' and also being, as the same court further say, 'one of the most important steps in the transfer,' were considered in connection with the evidence excluded by the court (should that evidence be given as offered and in a manner to impress the court that it is to be believed), we are inclined to the opinion that the whole, taken together, would establish a perfected gift of the policy to the mother, etc. * * * While we are inclined to this view, we do not wish to be understood as holding that the execution and delivery of the duplicate assignment to the company was not sufficient of itself to complete the gift."

The evidence excluded upon the former trial was admitted upon the trial now in question, and it was, though not literally, yet in substance and effect, as proffered upon the first trial. It established, without conflict or contradiction in the evidence, that, at the time of the making of the first assignment, Weaver, after having signed, sealed and acknowledged before a notary public the deed of assignment, and having delivered a duplicate thereof to the insurance company, then informed his mother, appellant, the donee, of what he had done, and also informed her that he would hold the policy and the assignment for her, and that appellant, in effect, assented to this arrangement.

The question presented and determinative of the cause is, did this, taken together, constitute a valid and effective

assignment of the policy. We are of opinion that it did. We are inclined to view all that which was done by Weaver as constituting an equivalent to actual delivery. It was not essential to an effective gift that the custody of the policy itself be delivered into the hands of the assignee.

There was here no question of gift of a chattel by parol, but the gift is of a chose in action by written deed. The question, therefore, is as to the delivery of the deed of assignment, or an equivalent to actual delivery thereof.

Actual delivery of the writing into the hands of the donee was not essential. Bryan v. Wash, 2 Gil. 557; Masterson v. Cheek, 23 Ill. 72; Walker v. Walker, 42 Ill. 311; Otis v. Beckwith, 49 Ill. 121; Webber v. Christen, 121 Ill. 91; Winterbottom v. Pattison, 152 Ill. 334; Miller v. Meers, 155 Ill. 284; Crabtree v. Crabtree, 159 Ill. 342; Williams v. Chamberlain, 165 Ill. 210; Martin v. Martin, 170 Ill. 18; Fulton v. Fulton, 48 Barbour, 581; Folly v. Vantuyl, 4 Halsted, 153–193; Fortescue v. Barnett, 3 Mylne & Keene, 35.

In Folly v. Vantuyl, *supra*, the New Jersey court said: " There is no precise or set form in which a delivery must be made. A deed may be delivered by words without acts, or by acts without words, or by both acts and words. Shep. Touch. 58. After the writing has been signed and sealed, an intent, coupled with acts or words evincing such intent to consummate and complete it, and to part absolutely and unconditionally with it and the right over it, is sufficient to give it legal existence as a deed. In Shelton's case, Cro. Eliz. 7, the grantor sealed the deed in the presence of the grantee and of other persons, and it was at the same time read, but not delivered, nor did the grantee take it away, but it was left behind them in the same place; yet by the opinion of all the justices it was held a good grant, for the parties came for that purpose and performed all that was requisite for the perfecting it except the actual delivery; but it being left behind them and not countermanded was said to be a delivery in law. In Hollingworth v. Ascue, Cro. Eliz., 356, it was said by Anderson, Ch. Just.: 'A delivery may be without words of delivery,' as it hath been adjudged that one made a release and cast it upon the table and said, ' this will serve,' this is a good delivery. Shepard says, Touch., 58 : 'If I take the deed in my hand and use these or the

like words, here, take it, or this will serve, or I deliver this as my deed, or I deliver it to you, these are good deliveries.' Lord Coke says, Co. Lit., 36a, a deed may be delivered by words, without any act of delivery, as if the writing sealed lies upon the table, and the feoffor or obligor says to the feoffee or obligee, 'take up said writing, it is sufficient for you,' or 'it will serve the turn,' it is a sufficient delivery. In Goodright v. Strahan, Cowp. 201, where a deed, in nature of a mortgage, was made by a husband and wife, of the wife's lands, which, by reason of the coverture, was admitted to be void as to the wife, yet facts, after the decease of the husband, amounting to an acknowledgment by the wife that the deed was hers, and that the party should enjoy according to the terms of it, were held to be equivalent to a re delivery. In Goodrich v. Walker, 1 John. Cases, 253, the Supreme Court of New York said: 'A formal delivery is not essential, if there be any act evincing the intent.' In the case before us, the obligor, after having signed and sealed the bond, holding it up in his hand, addressed the obligee, 'Here is your bond.' Words evincing and acknowledging a delivery as strongly as any which could be selected. As if he had said: 'This instrument is now complete. It has become a bond. It is now your property. What shall I do with it? It is now absolute. It is under your control. I have no longer any authority over it. Direct where it shall be placed, and by whom preserved, for your benefit.' The obligee said something not recollected nor proved, and the defendant added: 'I will take care of it for you.' 'I will take care of it,' not until some stipulation or condition is performed, not until certain circumstances occur which may induce me to give it legal efficiency; but 'for you' absolutely, unconditionally, as your property, in the character of your agent and fiduciary. It may be said that in the cases which I have cited, the deed, in some mode more or less direct, came into the hands of the person to whom it was made, and was produced by him. I do not apprehend that any substantial difference in principle results from this consideration. In the cases where the deed was left on the table, or cast on the table, there was no actual delivery to the grantee, or to any person for him. The essence of the whole consisted in the intent of the grantor or obligor to perfect the instrument, and to make it at once the absolute property of the grantee or obligee, and the acts and declarations are, in truth, the evidence of such intent."

Nor is it here necessary to resort to the theory of a trust to aid an incomplete gift. It may be conceded that if the gift was incomplete, it was ineffective. But we hold that the gift was complete, that the declared intent of the donor, the execution and acknowledgment of the deed of assignment, the delivery of a duplicate thereof to the insurance company, with notice to the donee that it had been done, are sufficient to constitute a complete and effective gift, and that the retention of the other duplicate and the policy by the donor (who had yet to pay premiums thereon) did not *per se* operate to establish a retention of dominion over the chose which was the subject-matter of the gift. The uncontroverted evidence of the notice by the donor to the donee, and the statement that he would hold the policy and the assignment for her, show conclusively that it was not the intent of the donor to retain dominion over the subject-matter of the gift.

It is conceded by counsel for appellee that the failure of Weaver to attach one of the duplicates of the deed of assignment to the policy, is not important, save as it may tend to show intent. But we regard the undisputed evidence of the declarations of Weaver to Snow and to appellant as overcoming any inference which might otherwise be drawn from this circumstance, and as establishing clearly an intent to relinquish dominion over the property and transfer the same to appellant.

The first assignment having been complete, the attempt to assign to appellee was ineffective.

The decree is reversed and the cause remanded, with directions to enter a decree in conformity with this decision.