Mauck, J.
The petition of the plaintiff, Tacey E. Lemley, alleges that about September 11, 1917, she signed a deed to the defendant, Edward Shafer, purporting Jo convey the lands described in the petition; that said deed was without consideration; *363 that she placed it in escrow to be delivered at her death; that by mistake the third person to whom it was delivered caused the same to be recorded; that plaintiff has since determined not to deliver said deed and that the record constitutes a cloud on her title. The prayer is that the deed be cancelled and the record cleared. The answer admits the making and record of the deed, and denies all the other averments of the petition. The question is, therefore, whether under the testimony delivery of the deed was made and the contemplated gift thereby consummated.
The undisputed facts are:
That the plaintiff was a widow, about eighty years of age, and unable to read or write. The defendant, her grandson, now about twenty-eight years old, has been in plaintiff’s home since childhood. For some time prior to the signing of this deed it had been the plaintiff’s desire that defendant succeed to all her property rights. She first made a will to that effect. Later she made this deed, leaving it in the custody of a friend until it became necessary for her to resume possession of it. During all this time the defendant was unaware of the existence of the deed, and had not then parted, nor did he thereafter, with any consideration for the same. The plaintiff had never had any business experience, nor had she ever caused other property to be transferred on the record, or recorded. Here the testimony diverges. The defendant’s testimony tends to show that in August, 1918, the plaintiff gave the deed in question to Mr. Wilgus, who took it to the recorder and left it with him for record; that the deed was transferred and recorded. Mr. *364 Wilgus is positive that the plaintiff directed its transfer and record, and says that at the same time she directed him to take her will and have it probated, *and that she gave him money to pay for these charges. He returned home, gave her the change left, after paying for the record of the deed and for the deposit of the will, and also gave her the recorder’s receipt for the deed and the probate judge’s receipt for the will. It does not appear that she ever read either of these papers, or had them read or explained to her. Mr. Wilgus says that she charged him to keep the whole matter secret. At this time the defendant was in France and knew nothing of the execution or record of the deed, but was afterward told by tha plaintiff “that she had it fixed up in my name and had it put away for safekeeping in Ironton, so if she died while I was over there it would be there for me when I came back.” The defendant says, further, that after some differences arose between them he told her if she wanted him to he would make the place back to her, but that she declined the offer. The defendant never got actual possession of the deed until after the suit was filed. It further appears from the testimony of Mr. Wilgus that the plaintiff told him to have it transferred and recorded and “leave it with the recorder in his care.” On her part the plaintiff denies all knowledge of the circumstances under which the deed was given to Mr. Wilgus. And while we do not find it necessary to determine this issue of fact, we assume in the disposition of this case that the testimony of Mr. Wilgus is correct, and that the plaintiff directed him as he says she did.
*365 The question then is this: Do the admitted facts, taken together with the testimony adduced by the defendant, show a delivery of the deed? In order to determine this we must first determine what is meant by delivery. Delivery of a deed is a twofold operation. Delivery must be made and it must be accepted as such. An early Ohio case, Lessee of Lloyd v. Giddings, 7 Ohio (Pt. 2), 50, says at page 53:
“The acceptance of a deed is absolutely necessary to vest the grantee with title under it. No man cap be compelled to take a conveyance against his consent. * * * The law, with regard to the delivery and acceptance of deeds, was once very plain, because it was very strict. But I take it to be now settled that what shall amount to either, depends very much on the circumstances and the intentions of the parties.”
And in 8 Ruling Case Law, at page 975, we find:
“An estate cannot be thrust upon a person against his will * * *. The rule as to the necessity of acceptance is sometimes declared in the terms of a definition of a complete delivery, as that delivery must be the concurrent act of two parties; which, of course, is tantamount to saying that the deed must be accepted.”
The delivery, if any, in this case, was by handing the deed to the recorder of the county, and to complete the delivery an acceptance thereof would have to be implied. The general current of authority, however, is to the effect that delivery to a recording officer is insufficient to accomplish a delivery of the deed. The most recent that we have found on this question is King v. Antrim Lumber Co., an Okla *366 homa case, 172 Pac. Rep., 958, 4 A. L. R., 21. In this case it is said that while the authorities are not harmonious the great weight of authority is that the recording of a deed does not of itself operate as a delivery:
“The registry of a deed by the grantor might, perhaps, in the absence of opposing evidence, justify a presumption of delivery, but such presumption is repelled where the registry was made without the knowledge or assent of the grantee, and the property it purported to convey always remained in the possession and under the control of the grantor. Younge v. Guilbeau, 3 Wall. 636, 18 L. Ed. 262.
“The recording of a deed by a grantor does not of itself constitute a delivery. It depends upon the grantor’s intention.”
Many of the decisions of the highest courts of the land are cited as sustaining this text. For instance :
“Delivery of a deed is not effected by signing, acknowledging, and recording it, without the knowledge or assent of the grantee, if he is an adult, unless it is shown that the grantor intended thereby to give effect and operation to, and to relinquish all' control over, such deed, and that the grantee, on being informed, assented.” Weber v. Christen, 2 Am. St. Rep., 68 (121 Ill., 91). McGuire v. Clark, 85 Neb., 102, 23 L. R. A., N. S., 873, and note.
“The mere recording of an acknowledged deed, without an intention to deliver it, however, does not operate as a delivery or as a transfer of title to the grantee; and while it seems that the fact that the grantor may have been prompted by a desire to put the property beyond the reach of his creditors *367 is not necessarily fatal to a delivery by recording, there is clearly no delivery where the recording is with the intention to divest the grantor of apparent title only, and he keeps possession of both the deed and the property, especially where the grantee, at the time, has no knowledge of the conveyance, and this notwithstanding a subsequent expression of assent and satisfaction hy the grantee.” 8 Ruling Case Law, 1007.
These authorities show the general current of opinion, and those of Ohio are in harmony with them. The superior court of Cincinnati in discussing this question, in Harvey v. Jones & Eaton, 1 Disney, 65, said at page 71:
“The recording of the deed adds nothing to its validity; 2 Ohio, 55, Johnston v. Haines. And the custody of the deed, after the record, by the grantor, when the existence of the deed itself is unknown to the grantee, is held as almost conclusive evidence that there was no intention to deliver it; 13 Pick. 69, Powers v. Russell; 1 Denio, 323, Elsey v. Metcalf; 5 Shepley, 391, Hatch v. Haskins. And as there can be no delivery, unless the grantee assents to it, and intimates his acceptance, no acceptance in such case can be presumed.”
In Lessee of Mitchell v. Ryan, 3 Ohio St., 377, the supreme court had under consideration the delivery for record by a grantor of a deed whereof the grantee was a minor. In all such cases it is to be borne in mind that the law always presumes an acceptance of delivery by a minor or trustee where the grant is a beneficial one. (See note to Munro v. Bowles, 54 L. R. A., 897.) Following this rule the court in the Mitchell case sustained the delivery *368 to the recorder as a sufficient delivery to the infant grantee, saying:
“Now it does seem to us that when a man executes and acknowledges a deed and delivers it to the recorder, with unqualified instructions to record it, as,was done in the present case, the reasonable presumption, in the absence of any rebutting circumstances, is that he means thereby to transfer his title. And this presumption is powerfully strengthened when-, as in the case before us, the grantee is a minor child of the grantor,” etc.
The Mitchell case, therefore, is distinguished from the instant case in the important facts that the grantor in that case gave unqualified instructions for the deed to be recorded, and that the grantee in that case was a minor. The case is important herein because it holds that even in such a case, then under consideration by the supreme court, the delivery for record with unqualified instructions to record it only raises a presumption capable of being rebutted, and the court found it to be of significance that in that case the grantor failed to take the stand and deny that delivery was intended. If we indulge the presumption that delivery resulted from the record, and the further presumption that the same was accepted, we only have a presumption that may or may not be repelled by the testimony of the plaintiff and by attending circumstances. Let us consider these circumstances. The plaintiff was a woman who had,no business knowledge. She had never caused a deed to be transferred or recorded. At the same time that she directed the transfer and record of this deed she directed that her will be probated, which *369 was, of course, an absurd direction. While the terms transfer, record and probate meant nothing to her, she did employ terms which were significant because she understood them. She had theretofore had this deed and will in other hands for safekeeping. She knew what that meant, and when she told Mr. Wilgus to take this deed to Ironton for safe-keeping she expressed the only intelligent purpose that we know her to have had. This is consistent with her desire for secrecy. But that desire is wholly inconsistent with an intelligent desire that the deed be recorded. That desire was manifested in her conversation with the defendant to the effect that “she had it fixed up in my name and had it put away for safe-keeping in Ironton, so if she died while I was over there it would be there for me when I came back.” To these circumstances we have her positive testimony that she had no intention of delivering the deed to the defendant. We find, therefore, that any presumption arising from the record of this deed is rebutted, that the defendant has no equity in the property, and that the plaintiff is entitled to the relief for which she prays.
The plaintiff brought this' case without making a demand that the property be reconveyed to her. The litigation has resulted, in part at least, from her own ignorance. She should not recover her costs. Each party will be taxed with the costs made by such party.

Judgment for plaintiff.

Sayre and Middleton, JJ., concur.