WILMA BELLE FIKE *v.* HELEN HARSHBARGER
ET AL., PERSONAL REPRESENTATIVES OF
THE ESTATE OF FRANK THOMAS

[No. 431, September Term, 1973.]

*Decided April 18, 1974.*

The cause was argued before POWERS, DAVIDSON and MOORE, JJ.

*William W. Grant* for appellant.

*W. Dwight Stover* for appellees.

POWERS, J., delivered the opinion of the Court.

Delivery is the last but an indispensable step by a grantor

to give validity and operative effect to a deed for conveyance of real estate. Execution and acknowledgment are equally indispensable but, without delivery, accomplish nothing.

To accomplish delivery a grantor need not hand the completed instrument to the grantee; delivery to the grantee is constructively accomplished by turning a deed over to the clerk of a court for recording. *Gianakos, Executor v. Magiros*, 234 Md. 14, 27, 197 A. 2d 897 (1964). This constitutes delivery to the grantee even though the grantee may be unaware of the execution, delivery, or recording of the deed. Delivery may be accomplished by leaving the deed in the hands of another as agent for the grantee with instructions that it be recorded or delivered to the grantee. The instructions may be unconditional or they may be qualified so as to take effect upon the happening or the failure to happen of some later event, or after the passage of a specified time. But constructive delivery, whether or not subject to a condition, must effectively place the deed beyond the power of recall by the grantor except for failure of the conditioned event.

In *Gianakos, Executor v. Magiros, supra*, the Court of Appeals said, at 27:

> "It is recognized that there has been a consummated delivery when the instrument has passed from the grantor, without right of recall, to the grantee or to some person for his use."

In *Meise v. Tayman*, 222 Md. 426, 160 A. 2d 916 (1960), Tayman had instructed an attorney to prepare a deed by which he conveyed his property to the attorney, as trustee, and a second deed by which the trustee conveyed to Tayman and another jointly, and upon the death of the survivor, to a remainderman. The deeds were executed and acknowledged, in proper sequence, and left with the attorney with instructions to record them. When the attorney presented the deeds for recording they were not accepted, because the taxes were not paid. The deeds were not recorded until after Tayman's death, some years later. In reversing a decree setting aside the deeds the Court of Appeals said, at 430:

"We cannot agree with the chancellor that there was no valid delivery. The grantor, Tayman, signed, sealed and acknowledged a deed to 'Hillman, Trustee', conveying the property to him in fee simple, in trust to reconvey to the parties mentioned. Tayman handed the executed deed to Hillman. Hillman then signed and acknowledged the second deed, as he was obligated to do. Even though the deeds had not then been recorded, it would seem that the unconditional delivery to a third person for the grantees would pass title as between the parties, and that the grantor retained no power to alter or reclaim the deed."

Frank Thomas, a resident of Garrett County, was a widower when, on 4 June 1963, he executed and acknowledged a deed conveying eight acres of land, improved by the house in which he resided, to his daughter, Wilma Belle Fike. Mr. Thomas retained possession of the deed until it came into the possession of Helen Harshbarger, another daughter, about two years before his death on 23 May 1972. He died intestate leaving as his only heirs-at-law, two sons, two daughters, two sons of a deceased daughter, and two sons of a deceased son.

Letters of administration on the estate of Frank Thomas were issued by the Orphans' Court for Garrett County to Helen Harshbarger, and Mrs. Warren Thomas, a daughter-in-law. Within a day or two after Mr. Thomas's death, Mrs. Harshbarger told other members of the family that she had in her possession a deed by which their father conveyed his home property to Mrs. Fike, as well as a $1,000.00 life insurance policy in which Mrs. Fike was named as beneficiary.

On 5 June 1972, possession of the deed was obtained by members of Mrs. Fike's family, who had it recorded among the Land Records of Garrett County on the same day. Within a few weeks Mrs. Fike executed and recorded a deed conveying the same property to her daughter and son and their respective spouses, reserving a life estate to herself.

The litigation now before us on appeal originated with a

bill of complaint filed against Wilma Belle Fike in the Circuit Court for Garrett County by the personal representatives of the estate of Frank Thomas and all of his heirs except Mrs. Fike. The complaint was later amended to include as defendants the grantees to whom Mrs. Fike had conveyed remainder interests in the property. After a trial on the merits the chancellor entered an order declaring the deed to Mrs. Fike to be null and void and of no legal effect. This appeal was taken from that order.

Rarely surfacing but constantly exerting a restraining influence over the testimony of the witnesses at the trial of the case was the Dead Man's Statute, more formally identified as Code, Art. 35, § 3, now Courts Art. § 9-116.

Concerning her possession of the unrecorded deed Mrs. Harshbarger testified only that she had received it about two years before her father's death. She testified that from time to time she took care of business matters, such as making bank deposits, for her father. There was conflicting testimony given by several witnesses as to whether Mrs. Harshbarger had told any other members of the family, before Mr. Thomas's death, of the existence of the deed. It is clear that Mrs. Fike did not know of it. Whether she or anyone else knew of its existence seems immaterial, in the absence of evidence of the grantor's instructions or of his intent when he turned the deed over to Mrs. Harshbarger.

There was no such evidence, except as his intent may be inferred from a note found among his effects. There was evidence that the note was in his handwriting, and that his name written at the bottom of it was his signature. There is no contention that it had any testamentary validity, but only that it showed that he had not placed the deed beyond his control. The note was dated May 12, 1971. It said:

"I Frank Thomas In sound mind wish to have the deed changed to go to all the children
                                Frank Thomas"

Mrs. Harshbarger appears to have been under the impression initially that the deed was valid. She asked her sister, Mrs. Fike, a few days after their father's death, when

she intended to move into the house. We attach no significance to the opinion implied by that question.

In *Renehan v. McAvoy*, 116 Md. 356, 81 A. 586 (1911) the Court of Appeals said, at 359:

> "In *Clark v. Creswell*, 112 Md. 342, it was held, there is a consummated delivery when the instrument has passed from the grantor, without right of recall, to the grantee or to some third person for his use. The test of delivery is the relinquishment by the grantor of the custody or the control of the deed. When he has formally executed and acknowledged it and delivered it unconditionally to the grantee or one acting for him, the conveyance is completed and the title has passed.
>
> "It is also settled by the great weight of authority in this State and in other jurisdictions, that the grantor must part with all dominion and control over the deed at the time of its delivery to a third person, in order to make such act a sufficient delivery, in order to divest the title, and the delivery to the third person must be for the use and benefit of the grantee."

With or without Mr. Thomas's note, the evidence does not support a conclusion that he parted with all dominion and control over the deed at the time of its delivery to Mrs. Harshbarger, or that she held the deed as agent for Mrs. Fike.

The order of the chancellor declaring the deed to be null and void and of no legal effect was correct, and will be affirmed.

*Order affirmed.*
*Appellant to pay costs.*