FIKE ET AL. *v.* HARSHBARGER ET AL., ETC.

[No. 92, September Term, 1974.]

*Decided February 4, 1975.*

*Motion for rehearing filed March 3, 1975; denied March 5, 1975.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*William W. Grant* for appellants.

*W. Dwight Stover* for appellees.

SMITH, J., delivered the opinion of the Court.

We shall here hold invalid for lack of proof of delivery a deed executed by a father to one daughter, placed by him in the hands of another daughter sometime after execution and a number of years before the father's death, and recorded by the grantee after the death of her father. The Court of Special Appeals considered this matter in *Fike v.*

*Harshbarger*, 20 Md. App. 661, 317 A. 2d 859 (1974), and reached a conclusion similar to that reached by us.

We granted the writ of certiorari in order that we might again consider what constitutes a valid delivery of a properly executed deed where the grantor dies before the deed is placed in the hands of the grantee and recorded in the light of the contention of the petitioners that under Code (1957, 1973 Repl. Vol.) Art. 21, § 3-201, now Code (1974) § 3-201 of the Real Property Article, the effective date of a deed is its date of delivery, "presumed to be the date of the last acknowledgment, if any, or the date stated on the deed, whichever is later" and "that the presumption in favor of delivery, as set forth in the statute, means what it says and that the grantee of a deceased grantor does not have to rebut a presumption against delivery."

Frank Thomas, a widower, owned eight acres of land in Garrett County upon which his home was located. On June 4, 1963, he executed a deed, prepared by his attorney, conveying this land in fee simple to Wilma Belle Fike, his eldest daughter and one of the petitioners here. She was said to have been a natural object of his bounty since, after the death of her mother in 1931, she remained at home for 12 years to assist in the rearing of the remainder of the children. Helen Harshbarger, one of the respondents here, aided her father in some of his business affairs by handling bank deposits, etc. She said that she knew of the existence of the deed "for two years or about so" prior to its delivery to her, the exact date of which does not appear. No testimony was presented relative to any conversation between Mr. Thomas and Mrs. Harshbarger at the time he turned the deed over to her nor as to the conditions under which she was to hold the deed. No attempt appears to have been made by the discovery process to question Mrs. Harshbarger under the exception in the "dead man's statute," now Code (1974) § 9-116 of the Courts and Judicial Proceedings Article, permitting evidence from a person otherwise forbidden from testifying if "called to testify by the opposite party." Mr. Thomas died on May 23, 1972. The exact circumstances under which the deed passed into the possession of the

grantee, circumstances concerning which there is some dispute and an implication of unpleasantness, are not important to our decision. However, the deed was recorded in the office of the Clerk of the Circuit Court for Garrett County on June 5, 1972. On September 11, 1972, the personal representatives of the estate of Mr. Thomas and all of the heirs at law other than the grantee brought suit to have the deed "declared to be void and . . . vacated and annulled." The chancellor (Hamill, J.) concluded his opinion by stating:

> "The sole issue in this case is whether or not there was a proper and legal delivery of the deed from Frank Thomas to Wilma Belle Fike. I am of the opinion that since the deed was delivered to Mrs. Harshbarger, a daughter of the grantor, without any evidence whatsoever to indicate that Mr. Thomas surrendered control over same during his lifetime, it was not a valid delivery of the deed under the laws of the State of Maryland. (*Renehan et al. v. McAvoy*, 116 Maryland 356, 81 Atlantic 586.)

One hundred years ago our predecessors, through Judge Robinson, stated in *Duer v. James*, 42 Md. 492 (1875), citing the opinion of the Supreme Court of the United States in *Younge v. Guilbeau*, 70 U. S. (3 Wall.) 636, 18 L. Ed. 262 (1866), that to constitute delivery of a deed the grantor must do some act putting it beyond his power to revoke, that there can be no valid delivery so long as the deed is within his control and subject to his authority, although delivery need not be to the grantee, but may be to a third party authorized to receive it, or even to a stranger for the use of the grantee. Similar holdings are found in *Gianakos, Executor v. Magiros*, 234 Md. 14, 27, 197 A. 2d 897 (1964); *Meise v. Tayman*, 222 Md. 426, 430-31, 160 A. 2d 916 (1960); *Renehan v. McAvoy*, 116 Md. 356, 359, 81 A. 586 (1911); and *Clark v. Creswell*, 112 Md. 339, 342, 76 A. 579 (1910). This is in accord with holdings elsewhere. *See, e.g.*, 3 *American Law of Property* § 12.67 at 319-20 (1952); 8 G. Thompson, *Real Property* § 4232 at 50 (1963 Repl. J.S. Grimes); 23 Am.Jur.2d *Deeds* § 96 (1965); and 26 C.J.S. *Deeds* § 43 (1956).

Assuming *arguendo* that, as contended by Mrs. Fike, the execution and recording of the deed raised a presumption of the fact of its delivery, the evidence presented to the chancellor that the deed was executed a number of years prior to its recordation, that sometime after execution it came into the possession of a third party, that after having held the executed deed for a number of years the third party turned the deed over to the grantee after the death of the grantor, and that the deed was then recorded, was sufficient for the chancellor as the trier of fact to infer that the deed was not irrevocably beyond the power and control of the grantor as the Maryland cases require for an effective delivery. This is so because it is elementary that presumptions of fact are just that and thus are rebuttable. *See* 31A C.J.S. *Evidence* § 116 at 200 (1964), citing *Wright v. Lewis*, 161 Md. 674, 681, 158 A. 704 (1932). To like effect see *Border v. Grooms*, 267 Md. 100, 104, 297 A. 2d 81 (1972); *Browning v. Browning*, 224 Md. 399, 404, 168 A. 2d 506 (1961); *Gordon v. Rawles*, 201 Md. 503, 512, 94 A. 2d 465 (1953); and *McFerren v. Goldsmith-Stern Co.*, 137 Md. 573, 580, 113 A. 107 (1921).

The burden of proof here was on those who sought to set aside the deed. It is said in 12 C.J.S. *Cancellation of Instruments* § 69 (a) (1938), citing *Smith v. Martin*, 154 Md. 462, 140 A. 593 (1928), that "[t]he rule that the burden of proving a fact is on him who alleges it applies to proof in actions to cancel instruments." In that case the plaintiff filed a bill of complaint to set aside a lease on the basis of fraud. Our predecessors said that the plaintiffs had "utterly failed" to prove the allegations of their bill. The further observation is made in 12 C.J.S. *supra* at 1054:

> "Where plaintiff grounds his right to relief on a negative allegation, such as a denial of the delivery or execution of the instrument, the burden of proof of such nondelivery or nonexecution rests with him . . . ."

To like effect see 8 G. Thompson, *op. cit.* § 4239 at 103.

Although the burden of proof remained with those

attacking the validity of the deed, once a prima facie case had been made out, as was done here, the duty of going forward with the evidence shifted to the other side. *Operations Research v. Davidson,* 241 Md. 550, 574-75, 217 A. 2d 375 (1966), and *Crowther v. Hirschmann,* 174 Md. 100, 109, 197 A. 868 (1938). No evidence was adduced by the grantee in defense of the deed relative to the circumstances under which the deed was turned over by the grantor to the third party or in any other way reflecting upon whether the deed was or was not irrevocably placed by the grantor in the hands of the third party.

Under Maryland Rule 886 the chancellor's "judgment . . . will not be set aside on the evidence unless clearly erroneous . . . ." We are unable on this record to say that he erred in his conclusion from the evidence that the deed was not irrevocably placed by the grantor in the hands of the third party and thus that there was no valid delivery of the deed.

> *Judgment affirmed; petitioners to pay the costs.*